UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLAN CHIOCCA,<br>    Plaintiff,<br><br>VS.<br><br>TOWN OF ROCKLAND, DEIRDRE<br>HALL, EDWARD KIMBALL, LARRY<br>RYAN, MICHAEL MULLEN, JR.,<br>MICHAEL O'LOUGHLILN, RICHARD<br>PENNY and KARA NYMAN,<br>    Defendants | )<br>)<br>)<br>) C.A. NO. 1:19-cv-10482-WGY<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS PURSUANT TO FED.R.CIV.P.8**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, the Defendants, Town of Rockland, Deirdre Hall, Larry Ryan, Michael Mullen, Jr., Michael O'Loughlin, Richard Penney and Kara Nyman (the "defendants") submit this memorandum of law in support of their motion to dismiss Plaintiff's Complaint for failing to comply with Fed. R. Civ. P. 8.

Rule 8(a) of the Federal Rules of Civil Procedure mandates that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004) (further citation omitted)); Barbosa v. Commonwealth of Massachusetts, No. CV 14-13439-ADB, 2016 WL 3976555, at *2 (D. Mass. July 22, 2016). This means that the statement of the claim must "'at least set forth minimal facts as to who did what to whom, when, where, and why.'" Calvi, 470 F.3d at 430 (quoting Educadores, 367 F.3d at 68). Although the requisites of Rule 8(a)(2) are slight, "'minimal requirements are not tantamount to nonexistent

requirements.'" Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). Plaintiff's Complaint is not a short plain statement illustrating that he is entitled to relief. Instead, it is a 71 page, 465 paragraph long document, which contains 37 separate causes of action. (Dkt #1). Plaintiff's Complaint presents a broad-range of claims, which is full of superfluous factual allegations. Plaintiff's facts section is 51 pages and 319 paragraphs long. (See Id.). For example, the Complaint contains factual allegations such as:

- "After they arrived, Mrs. Hall ordered a glass of wine and Mr. Chiocca ordered a beer." (Id. at p. 49).
- "Mrs. Hall did not respond to Mrs. Kimball's text that evening." (Id. at p. 51).
- "Mr. Chiocca exited the bathroom first and waited in the hallway for Ms. Hall." (Id. at p. 83).
- "Mrs. Hall woke up at 6:30 a.m. that morning." (Id. at p. 83).

Thereafter, the 37 Counts in Plaintiff's complaint each incorporate all of the 319 paragraphs of facts, and each count is plead in a few short paragraphs that provide the defendants with little to no information as to which of the 319 fact paragraphs support the various causes of action. (See Id.). Given that the various causes of action are plead against different defendants, the manner in which the complaint is written makes it virtually impossible for the undersigned counsel to evaluate which allegations relate to the various causes of action and/or defendants, and whether the Plaintiff has plead sufficient facts to support his 37 causes of action or whether certain counts are subject to a Rule 12 Motion to Dismiss. The Complaint, as currently pled, is insufficient to satisfy the requirements of Fed. R. Civ. P. 8. Kuehl v. FDIC, 8 F.3d 905, 909 (1st Cir. 1993) (affirming dismissal of 43-page, 358 paragraph complaint for failure to conform to Rule 8); Newman v. Massachusetts, 115 F.R.D. 341, 344 (D. Mass. 1987) (dismissing complaint that is

2

"not organized in a way that makes it easy for the defendants to respond to allegations pertaining to them, or even to figure out which allegations pertain to which defendants"); see also Schupper v. Edie, 193 F. App'x 744, 745-46 (10th Cir. 2006) (quoting Leatherman v. Tarrant County Narcotics Intelligence and Coord. Unit, 507 U.S. 163, 168 (1993) ("The policy behind Rule 8 is to 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"); Koplow v. Watson, 751 F. Sup. 2d 317, 321 (D. Mass. 2010).

WHEREFORE, the Defendants most respectfully request that this Honorable Court dismiss the Plaintiff's Complaint for failing to comply with Fed. R. Civ. P. 8

Respectfully submitted,

| | |
|---|---|
| Defendants, | Defendant. |
| TOWN OF ROCKLAND, LARRY RYAN, | DIERDRE HALL |
| MICHAEL MULLEN, JR., MICHAEL O'LOUGHLIN, | By her Attorney, |
| RICHARD PENNEY AND KARA NYMAN, | **Rose Kallor, LLP** |
| By their Attorneys, | |
| **PIERCE DAVIS & PERRITANO LLP** | */s/ Cindy Cieslak* |
| | _____ |
| */s/ Jason W. Crotty* | Cindy Cieslak, BBO #685498 |
| _____ | 750 Main Street – Suite 11008-3 |
| John J. Davis, BBO #115890 | Hartford, CT 06103 |
| Jason W. Crotty, BBO #656313 | (860) 361-7995 |
| 10 Post Office Square, Suite 1100 | ccieslak@rosekallor.com |
| Boston, MA 02109 | |
| (617) 350-0950 | |
| jdavis@piercedavis.com | |
| jcrotty@piercedavis.com | |

## LOCAL RULE 7.1 CERTIFICATE

I hereby certify that, pursuant to Local Rule 7.1, on April 23, 2019, I conferred with counsel for the plaintiff on the subject of this Motion prior to the filing of this Motion, to attempt in good faith to resolve or narrow the issues raised in the Defendants' Motion to Dismiss, pursuant to Local Rule 7.1(A)(2), as referenced above.

*/s/ Jason W. Crotty*
Jason W. Crotty

## **CERTIFICATE OF SERVICE**

       I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on April 24, 2019.

                                          */s/ Jason W. Crotty*
                                          Jason W. Crotty, Esq.