UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**Allan Chiocca,**

      **Plaintiff**

      v.          Civ. A. No.: 1:19–cv–10482–WGY

**The Town of Rockland, Deirdre Hall,
Edward Kimball, Larry Ryan,
Michael Mullen Jr., Michael O'Loughlin,
Richard Penney, and Kara Nyman**

      **Defendants**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF, ALLAN CHIOCCA'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 8

### INTRODUCTION

This is Plaintiff, Allan Chiocca's ("Chiocca") opposition to Defendants Town of Rockland, Larry Ryan, Michael Mullen, Jr., Michael O'Loughlin, Richard Penney, Kara Nyman ("the Town Parties"), Deirdre Hall ("Hall") and Edward Kimball's ("Kimball") (the Town Parties, Hall, and Kimball collectively "Defendants") joint motion to dismiss pursuant to Fed. R. Civ. P. 8.[1]

Defendants' principal arguments are that Chiocca's Complaint is too lengthy such that it is not a "short and plain statement" as required Fed. R. Civ. P. 8, and that Defendants are unable to ascertain which facts support which causes of action.

Defendants' motion should be **DENIED** for two primary reasons: (1) Chiocca's Complaint complies with Fed. R. Civ. P. 8 because:

---

[1] Kimball joined the Town Parties and Hall's motion on May 2, 2019 and filed his own substantially similar memorandum in further support of the motion. This opposition responds to both memoranda.

- Defendants have already responded to nearly 80% of the factual allegations in Chiocca's Complaint;

- verbosity alone is not a sufficient basis for dismissal;

- Chiocca's factual allegations were carefully drafted to articulate a chronological narrative necessary to provide context and sufficiently support a diverse set of causes of actions against eight party-defendants; and

- each cause of action is sufficiently and appropriately plead; and

(2) notwithstanding the fact that Chiocca's Complaint complies with Fed. R. Civ. P. 8, Plaintiff's counsel repeatedly offered to engage in further discussions with all defense counsel regarding amending the Complaint to address Defendants' concerns and avoid unnecessary motion practice, but all defense counsel refused, thereby failing to confer in good faith to narrow the issues as required by to L.R. 7.1(a)(2).

In the alternative to the foregoing, Chiocca should be granted leave to amend his Complaint.

## ARGUMENT

**I.  Chiocca's Complaint complies with Fed. R. Civ. P. 8.**

While this Court has the "power to dismiss a complaint that does not comply with Rule 8(a)(2)'s 'short and plain statement' requirement," "[d]ismissal for violation of Rule 8(a)(2) is reserved for cases in which the complaint is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised such that **it is unreasonable for defendants to frame a response.**" *Padmanabhan v. Hulka*, 308 F. Supp. 3d 484, 496 (D. Mass. 2018) (emphasis added) (citing *Belanger v. BNY Mellon Asset Mgmt., LLC,* 307 F.R.D. 55, 58 (D. Mass 2015)).

Any suggestion by the Defendants that "it is unreasonable for them to frame a response" to Chiocca's Complaint is transparently disingenuous. In answering Chiocca's Charge of Discrimination filed with Massachusetts Commission Against Discrimination ("MCAD"), Defendants already responded to nearly 80% of the Complaint's factual allegations (i.e., 246 of the Complaint's 319 factual allegations are identical to those in Chiocca's MCAD Charge). *See* Town Parties', Hall's and Kimball's MCAD Position Statements attached hereto as Exhibits A, B,[2] and C respectively. While Chiocca's Complaint might be long, it is not "confusing, ambiguous, vague or otherwise unintelligible." It strains credulity for Defendants to suggest they cannot frame a response when they have already substantially done so.

Moreover, when determining whether a complaint complies with Rule 8 courts will also examine "'pragmatic matters,' such as the time and expense for the[] defendants and this Court to decipher . . . and . . . answer it . . . ." *See Newman v. Com. of Mass.*, 115 F.R.D. 341, 344 (D. Mass. 1987). Unless Defendants intend to file an Answer that is inconsistent with their MCAD Position Statements, 80% of the Defendant's Answers should be no more complicated than "copy and pasting" their response to the factual allegations in Chiocca's MCAD Charge. Indeed, the "time and expense" associated with deciphering and answering Chiocca's District Court Complaint should be far less than the

---

[2] Hall unilaterally marked her MCAD Position Statement as "confidential" without discussing this designation with any party and prior to the entry of any confidentiality stipulation or protective order. "'The shield of confidentiality' should not be turned 'into a sword' to defeat discrimination claims . . . ." *Verdrager v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.*, 474 Mass. 382, 412 (2016). Nonetheless, as a courtesy to Hall, and notwithstanding Plaintiff's belief that the Defendants' Position Statements are not confidential (and the Town Parties and Kimball have not taken such a stance), Plaintiff has redacted Defendants' Position Statements to only show those portions of the Position Statements that contain Defendants' responses to the same allegations that they now assert they cannot respond to in Chiocca's District Court Complaint.

time and expense Defendants spent drafting and filing their MCAD Position Statements (without raising any issues).

Further, that Chiocca's Complaint may be verbose is not a sufficient basis for dismissal. *Id at* 344. ("[V]erbosity and repetition appear[ing] in [a] complaint does not, standing alone, justify dismissal under Rule 8." (quoting *Kaufman v. Magid*, 539 F. Supp. 1088, 1092 (D. Mass. 1982))). Other circuits concur. *See, e.g.*, *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (concurring and collecting cases, stating that "[d]ecisions from other circuits are also consistent with the view that verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)"). Thus, the length of Chiocca's complaint alone is not enough to warrant dismissal, and Defendants' have not shown more.

And in that vein, although Chiocca's Complaint contains many factual allegations, it is judiciously organized — the factual allegations are carefully drafted to weave a chronological narrative necessary to provide context and sufficiently support a diverse set of causes of action against multiple defendants. Placing the factual allegations in this broader context (of 37 different counts against eight defendants), their breadth not only does not justify dismissal, but are reasonable. *See Belanger* 307 F.R.D. at 58 (dismissing a 462-page complaint with 393 exhibits because it was "replete with rambling, incoherent allegations, inappropriate legal argument, and swaths of irrelevant background material and exhibits"). Unlike the complaint in *Belanger*, Plaintiff's complaint displays a logical, narrative flow, with no attached exhibits and with each factual allegation written in concise

prose to provide sufficient grounds for each of its appropriately plead causes of action.[3] *See id.*

Given this, Defendants' reliance on *Kuehl v. F.D.I.C.* and *Newman v. Com. of Mass.* is misplaced; Chiocca's complaint can be readily distinguished from those dismissed in *Kuehl* and *Newman*. *See Kuehl v. F.D.I.C.*, 8 F.3d 905, 908 (1st Cir. 1993) (dismissing an already-amended complaint pursuant to Fed. R. Civ. P. 8(a)(2) not for being only verbose, but for also ignoring a court order, and stating that "[w]ere plaintiffs' confessed overdrafting their only sin, we would be inclined to agree that dismissal was an overly harsh penalty"); *Newman*, 115 F.R.D. at 343 (dismissing an already-amended complaint pursuant to Fed. R. Civ. P. 8(a)(2) not for being only verbose, but for also being "argumentative, prolix . . . and ha[ving] numerous attached exhibits," particularly in the context of the complaint asserting only eight counts against two defendants).

In contrast, this is Chiocca's first complaint, it is not argumentative or prolix (the factual allegations are drafted matter-of-factly without unnecessary characterization,[4]

---

[3] Though containing 37 causes of action, Plaintiff's complaint truly is not the result of a kitchen-sink approach. For example, following this Circuit's precedent and guidance, Plaintiff's counsel went to great length to detail the specific basis for his constitutional claims (for example, detailing the type of due process that was implicated (substantive vs. procedural), whether the right was a property or liberty interest, the nature and scope of that interest, the factual allegations supporting the claim, and who the claim is asserted against). *See, e.g.*, *Bolduc v. Town of Webster*, 629 F.Supp.2d 132, 148 (D. Mass. 2009) (granting summary judgment against the plaintiff on the plaintiff's substantive due process claims because in drafting his complaint, "[h]is theory [wa]s not . . . readily apparent").

[4] Defendants assert in part that Plaintiff's factual allegations should be reduced because many can be characterized as "scandalous." Plaintiff does not disagree — Defendants' actions were scandalous as they often are in sexual harassment cases. *See Soni v. Boston Medical Center Corp.*, 683 F.Supp.2d 74, 92 (D. Mass. 2009) (declining to strike "impertinent and scandalous" allegations).

Similarly, aside from a laundry-list dump of paragraph numbers in footnote one in Kimball's memorandum, Defendants have not articulated with any detail or clarity why certain of Plaintiff's factual allegations are "wholly irrelevant, tedious, and unnecessary to the analysis." Indeed, they cannot because each of Plaintiff's factual allegations provide relevant context to form the basis of his claims. For example, paragraph 73 in Plaintiff's Complaint (which Defendants assert provides "wholly irrelevant" information) is a highly relevant fact going directly to Chiocca's claim of quid pro quo sexual harassment. If Plaintiff were to remove the factual allegations set forth in the footnotes in Kimball's memorandum, the Complaint would lose

largely transcribed verbatim from Defendant Town of Rockland's Investigator's Report (*see* Report attached hereto as Exhibit D[5]) and contains no exhibits. Thus, here — in "a civil rights action, in which specificity in pleadings has been said to be needed" — "while lengthy, the instant complaint complies with the spirit of Rule 8 . . . ." *Newman*, 115 F.R.D. at 344; *Taylor v. AirCo, Inc.*, 2003 WL 27382684, at *12 (D. Mass. 2003).

Similarly, Chiocca's incorporation by reference of the complaint's factual allegations within his causes of action satisfies Fed. R. Civ. P. 8. *See Empire Today, LLC v. Nat'l Floors Direct, Inc.*, 788 F. Supp. 2d 7, 21 n. 112 (D. Mass. 2011) (stating that "First Circuit law provides that a party may satisfy its pleading requirements by incorporating by reference other paragraphs within the same complaint"). In any case, Plaintiff's causes of action not only incorporate by reference the complaint's factual allegations, but also provide sufficient factual heft to make out each element.

Accordingly, Plaintiff's Complaint complies with Fed. R. Civ. P. 8.

## II.     Defendants failed to confer in good faith pursuant to L.R. 7.1(a)(2).

Notwithstanding the fact that Chiocca's Complaint complies with Fed. R. Civ. P. 8, Plaintiff's counsel nonetheless repeatedly offered to engage in further discussions with all defense counsel regarding amending the Complaint to address Defendants' concerns and to avoid unnecessary motion practice. All defense counsel refused, however, thereby failing to confer in good faith to narrow the issues as required by to L.R. 7.1(a)(2).

---

significant, important context while making it no more reasonable to respond to than it already is.

[5] Like Hall's MCAD Position Statement, the Town unilaterally marked the Investigator's Report as "confidential" while knowing that the parties did not enter into a confidentiality stipulation or protective order. Again, "'[t]he shield of confidentiality' should not be turned 'into a sword' to defeat discrimination claims . . . ." *Verdrager*, 474 Mass. at 412. The attached report contains the same redactions originally made by Town's counsel.

Specifically, in phone calls and later email correspondence between all counsel related to Defendants' instant motion, Plaintiff's counsel expressly stated:

> In terms of the causes of action, again, if you want to identify which specific causes of action you believe require further pleading, we are happy to have a discussion about amending the complaint. . . .
>
> We believe you have more of an obligation under Rule 7.1 to try and narrow the issues than simply telling us we need to amend all of the causes of action.

*See* email correspondence attached hereto as Exhibit E.[6]

The attached email correspondence also indicates that Defendant Hall does not join in Defendants' instant motion as to Plaintiff's causes of action being adequately pleaded, but rather only as to the length of the fact section. *Id* at p. 2, April 23, 2019 email from Attorney Cieslak (Hall's counsel) (stating in relevant part, "I just wanted to write to clarify that Defendant Hall is not representing further pleading is necessary. Rather, Defendant Hall's position is that . . . the . . . complaint . . . does not constitute a 'short and plain statement'").

Ultimately, had Defendants' counsel continued to confer in good faith, the issues they raise in their instant motion would have, at a minimum, been substantially narrowed. Although Plaintiff's counsel does not believe further pleading of the causes of action is necessary, Plaintiff would have been amenable to doing so simply to avoid unnecessary motion practice. For failing to confer appropriately, this Court should deny Defendants' motion. *See* L.R. 1.3 ("Failure to comply with any of the directions or obligations set forth

---

[6] The attached email correspondence is printed in reverse chronological order and so it should be read from the last page forward.

in, or authorized by, these rules may result in dismissal, default, or the imposition of other sanctions as deemed appropriate by the judicial officer.").

## CONCLUSION

For the reasons discussed above, Chiocca respectfully requests that this Court deny Defendants' motion in its entirety, or alternatively, grant Chiocca leave to amend his Complaint.[7]

Respectfully Submitted,
Plaintiff,
Allan Chiocca,
By his attorney(s),

 /s/ Adam J. Shafran
Adam J. Shafran, Esq. (BBO 670460)
*ashafran@rflawyers.com*
Jonathon D. Friedmann, Esq. (BBO 180130)
*jfriedmann@rflawyers.com*
Nicholas J. Schneider, Esq. (BBO 688498)
*nschneider@rflawyers.com*
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
617–723–7700
617–227–0313 (fax)


Dated: May 7, 2019

---

[7] If the Court grants Plaintiff leave to amend, Defendants should first be required to articulate, in writing to Plainitff's counsel, the causes of action that they believe require further pleading.

## **CERTIFICATE OF SERVICE**

I, Adam J. Shafran, certify that on May 7, 2019, I filed this document through the ECF system and that notice will be electronically sent to all registered participants identified on the Notice of Electronic Filing.


 /s/ Adam J. Shafran
Adam J. Shafran