UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLAN CHIOCCA, <br><br>        Plaintiff, <br><br>     v. <br><br> TOWN OF ROCKLAND, DIERDRE HALL, EDWARD KIMBALL, LARRY RYAN, MICHAEL MULLEN, JR., MICHAEL O'LOUGHLIN, RICHARD PENNEY and KARA NYMAN, <br><br>        Defendants. | CIVIL ACTION NO. 1:19-cv-10482-WGY |

**EDWARD KIMBALL'S ANSWER TO ALLAN CHIOCCA'S COMPLAINT
AND COUNTERCLAIM**

Comes now Defendant Edward Kimball ("Mr. Kimball") and responds to the allegations contained in the Complaint filed by Plaintiff Allan Chiocca ("Mr. Chiocca"), and brings a Counterclaim against Mr. Chiocca for the knowingly unlawful invasion of Mr. Kimball's privacy, by shamefully and vengefully disseminating a confidential report to the public which contained private facts about Mr. Kimball and others.

**PRELIMINARY STATEMENT**

This lawsuit is the culmination of more than 18 months of Mr. Chiocca's abhorrent and destructive behavior, of which Mr. Kimball is but one of several victims. After more than eight years of serving the Town of Rockland as a member and Chair of the Board of Selectman, and nearly fifteen (15) years serving the Town including on other boards and committees, Mr. Kimball is now forced to defend himself against baseless allegations arising out of his attempt to

honor his ethical and moral obligations to help a colleague who came to him with a report of sexual assault.

When Mr. Kimball's colleague, Deidre Hall, approached Mr. Kimball to report that she had been sexually assaulted by the Town Administrator, Allan Chiocca in the Rockland Town Hall in the middle of the night on May 1 – May 2, 2018, Mr. Kimball did everything he could, and everything he knew to do, to respond honorably.  First, he engaged in due diligence to corroborate the allegations, by reviewing surveillance footage that was available in the Town Hall, witnessing on tape the events as Ms. Hall had described them. Second, he spoke with Ms. Hall's husband, who confided in Mr. Kimball what had transpired on the night of the alleged incident.  Only after gathering those facts did Mr. Kimball ask Mr. Chiocca to meet with him. But Mr. Kimball did not meet with Mr. Chiocca alone.  Instead, he sought the advice, counsel and accompaniment of a trusted advisor, Town Counsel John Clifford.

What Mr. Kimball did not do – and what he ultimately paid for dearly – is divulge to his colleagues and acquaintances that he and Ms. Hall had previously engaged in a brief love affair. By the time Ms. Hall approached Mr. Kimball with her report of Mr. Chiocca's assault, Mr. Kimball had broken off the affair, and he and Ms. Hall's relationship had returned to that of colleagues.  Mr. Kimball had disclosed the affair to his wife, and the couple was engaged in marriage counseling.  It is hard to imagine that anyone in those circumstances would have broadcast the prior transgression to their colleagues and acquaintances, just as they were returning to normal life, and repairing any damage that had been done.

As the Chair of the Town of Rockland Board of Selectman, Mr. Kimball worked with Town Counsel to determine the best course following the report of sexual assault.  Initially, Mr. Chiocca did not deny the allegations, and indicated a willingness to resign his position as Town

Administrator.  However, once he obtained counsel, his tune changed, and he began to accuse *Ms. Hall* of sexually harassing *him*.  According to Mr. Chiocca's new narrative, Ms. Hall insisted on performing oral sex on Mr. Chiocca, threatening that if he did not allow her to do so, she, as his supervisor (or, rather, one of five supervisors), would not vote to renew his contract as Town Administrator.

Following the advice of Town Counsel, Mr. Kimball and the other members of the Board of Selectman agreed to engage Regina Ryan of Discrimination and Harassment Solutions to get to the bottom of the competing allegations.  But when her report was released (the "Report"), Mr. Kimball was shocked to learn that Ms. Ryan had lost focus of the task before her, and instead turned on Mr. Kimball, and his prior *consensual* relationship with Ms. Hall.  Rather than acknowledging Mr. Kimball's privacy interest in his personal relationships, Ms. Ryan included in her report findings that Mr. Kimball was "dishonest" for not sharing the details with the "women at Town Hall" and with the other members of the Board of Selectman.

And instead of showing some compassion and grace to their colleague, a civil servant who had sacrificed his time and resources to the Town for nearly two decades, Mr. Kimball's fellow Board members turned on him, calling him a liar (again, for not sharing intimate personal details), and informing him they had "no use" for him any longer.  Those personal, verbal attacks were a mere pre-cursor to (a) the ouster of him as Chair of the Board, and (b) the new Chair's statement to the public suggesting that the citizens of the Town initiate a recall vote to remove Mr. Kimball from office.

On top of the betrayal and abandonment by his fellow Board members, the very next day, Mr. Kimball awoke to find that Mr. Chiocca, through his personal counsel, ignored the clear, written instruction of Town Counsel to keep the Report of Ms. Ryan confidential, and instead,

provided copies to the media, enabling news outlets, bloggers, and social media posters to have a field day with Mr. Kimball's (and his wife's) personal information.  Because of Mr. Chiocca's knowingly unlawful actions, Mr. Kimball's personal struggles became the talk of the town.  Of course, given the allegations that Mr. Chiocca was facing, it was a certainly welcome diversion of the Town's attention for Chiocca.

As set forth below, Mr. Kimball denies any and all liability for Mr. Chiocca's claims, and instead seeks compensation from Mr. Chiocca for the damages suffered by Mr. Kimball for the blatant invasion of privacy imposed by the release of the confidential report to the media.

Mr. Kimball's response to Mr. Chiocca's Complaint, paragraph-by-paragraph, is as follows:

1.      Mr. Kimball admits that Mr. Chiocca served as the Town Administrator for the Town of Rockland from 2008 through some time in 2018.  Mr. Kimball lacks knowledge sufficient to admit or deny the remainder of the allegations contained in Paragraph 1, and therefore denies same.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Denied.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.     Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Kimball denies the allegations contained in Paragraph 10.

11.     Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Kimball denies the allegations contained in Paragraph 11.

12.     Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Kimball denies the allegations contained in Paragraph 12.

13.     Denied.

14.     Admitted.

15.     The agreement between Mr. Chiocca and the Town of Rockland ("the Town") is a document which speaks for itself. Mr. Kimball denies the characterization of same contained in Paragraph 15.

16.     The agreement between Mr. Chiocca and the Town is a document which speaks for itself.  Mr. Kimball denies the characterization of same contained in Paragraph 16.

17.     The agreement between Mr. Chiocca and the Town is a document which speaks for itself.  Mr. Kimball denies the characterization of same contained in Paragraph 17.

18.     The Rockland Town Charter is a document which speaks for itself, and Mr. Kimball denies the characterization of same contained in Paragraph 18.

19.     Admitted.

20.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 20, and therefore denies same.

21.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 21, and therefore denies same.

22.     Admitted.

23.     Denied.

24.     Admitted.

25.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 25, and therefore denies same.

26.     Mr. Kimball admits that, at some point in time, Deirdre Hall ("Ms. Hall") declared her candidacy for State Representative.  Mr. Kimball further admits that he worked on her campaign. Mr. Kimball denies the remaining allegations contained in Paragraph 26.

27.     Mr. Kimball admits that he had an affair with Ms. Hall in March and April 2018. Mr. Kimball denies the remaining allegations contained in Paragraph 27.

28.     Mr. Kimball admits that as of April 28, 2018, his wife, Dawn Kimball, was aware of Mr. Kimball's relationship with Ms. Hall.  Mr. Kimball denies the remaining allegations contained in Paragraph 28.

29.     Mr. Kimball admits that he did not attend the May 1, 2018 BOS meeting.  Mr. Kimball denies the remaining allegations contained in Paragraph 29.

30.     Mr. Kimball admits that Mrs. Kimball sent Ms. Hall a text message on May 1, 2018.  Mr. Kimball denies the remaining allegations contained in Paragraph 30.

31.     The text message referenced in Paragraph 31 is a document that speaks for itself, and Mr. Kimball denies any characterization of same.

32.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 32, and therefore denies same.

33.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 33, and therefore denies same.

34.     Mr. Kimball admits that he has been at the RBG with Mr. Chiocca and Ms. Hall in the past, and that Town Hall employees were also there with them.  Mr. Kimball denies the remaining allegations contained in Paragraph 34.

35.     Admitted.

36.     Admitted.

37.     Admitted.

38.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 38, and therefore denies same.

39.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 39, and therefore denies same.

40.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 40, and therefore denies same.

41.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 41, and therefore denies same.

42.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 42, and therefore denies same.

43.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 43, and therefore denies same.

44.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 44, and therefore denies same.

45.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 45, and therefore denies same.

46.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 46, and therefore denies same.

47.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 47, and therefore denies same.

48.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 48, and therefore denies same.

49.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 49, and therefore denies same.

50.     That text message referenced in Paragraph 50 is a document that speaks for itself, and Mr. Kimball denies any characterization of same.  Mr. Kimball lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 50, and therefore denies same.

51.      Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 51, and therefore denies same.

52.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 52, and therefore denies same.

53.     Mr. Kimball admits that he called Ms. Hall on May 1, 2018.  Mr. Kimball denies the remaining allegations contained in Paragraph 53.

54.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 54, and therefore denies same.

55.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 55, and therefore denies same.

56.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 56, and therefore denies same.

57.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 57, and therefore denies same.

58.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 58, and therefore denies same.

59.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 59, and therefore denies same.

60.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 60, and therefore denies same.

61.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 61, and therefore denies same.

62.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 62, and therefore denies same.

63.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 63, and therefore denies same.

64.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 64, and therefore denies same.

65.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 65, and therefore denies same.

66.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 66, and therefore denies same.

67.     Mr. Kimball admits that Ms. Hall had been one of Mr. Chiocca's supervisors. Mr. Kimball lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 67, and therefore denies same.

68.     The alleged text message referenced in Paragraph 68 is a document that speaks for itself, and Mr. Kimball denies any characterization of same. Mr. Kimball lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 68, and therefore denies same.

69.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 69, and therefore denies same.

70.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 70, and therefore denies same.

71.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 71, and therefore denies same.

72.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 72, and therefore denies same.

73.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 73, and therefore denies same.

74.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 74, and therefore denies same.

75.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 75, and therefore denies same.

76.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 76, and therefore denies same.

77.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 77, and therefore denies same.

78.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 78, and therefore denies same.

79.     Denied, as Mr. Kimball believes there are more than one dozen cameras at Town Hall.

80.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 80, and therefore denies same.

81.     Mr. Kimball admits that the surveillance video shows Ms. Hall and Mr. Chiocca walking from the lower parking lot, across the plaza, and into Town Hall.  Mr. Kimball further admits that Ms. Hall appeared to stumble more than once on the video.  Mr. Kimball denies the remaining allegations contained in Paragraph 81.

82.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 82, and therefore denies same.

83.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 83, and therefore denies same.

84.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 84, and therefore denies same.

85.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 85, and therefore denies same.

86.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 86, and therefore denies same.

87.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 87, and therefore denies same.

88.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 88, and therefore denies same.

89.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 89, and therefore denies same.

90.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 90, and therefore denies same.

91.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 91, and therefore denies same.

92.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 92, and therefore denies same.

93.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 93, and therefore denies same.

94.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 94, and therefore denies same.

95.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 95, and therefore denies same.

96.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 96, and therefore denies same.

97.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 97, and therefore denies same.

98.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 98, and therefore denies same.

99.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 99, and therefore denies same.

100.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 100, and therefore denies same.

101.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 101, and therefore denies same.

102.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 102, and therefore denies same.

103.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 103, and therefore denies same.

104.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 104, and therefore denies same.

105.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 105, and therefore denies same.

106.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 106, and therefore denies same.

107.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 107, and therefore denies same.

108.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 108, and therefore denies same.

109.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 109, and therefore denies same.

110.   Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 110, and therefore denies same.

111.   Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 111, and therefore denies same.

112.   The text message referenced in Paragraph 112 is a document that speaks for itself, and Mr. Kimball denies any characterization of same. Mr. Kimball lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 112, and therefore denies same.

113.   Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 113, and therefore denies same.

114.   Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 114, and therefore denies same.

115.   Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 115, and therefore denies same.

116.   Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 116, and therefore denies same.

117.   Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 117, and therefore denies same.

118.   Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 118, and therefore denies same.

119.   Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 119, and therefore denies same.

120.   Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 120, and therefore denies same.

121.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 121, and therefore denies same.

122.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 122, and therefore denies same.

123.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 123, and therefore denies same.

124.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 124, and therefore denies same.

125.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 125, and therefore denies same.

126.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 126, and therefore denies same.

127.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 127, and therefore denies same.

128.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 128, and therefore denies same.

129.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 129, and therefore denies same.

130.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 130, and therefore denies same.

131.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 131, and therefore denies same.

132.    Mr. Kimball admits a meeting took place between he and Mr. Chiocca, wherein they discussed Mr. Kimball's relationship with Ms. Hall. Mr. Kimball denies the remaining allegations contained in Paragraph 132.

133.    Admitted.

134.    Admitted.

135.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 135, and therefore denies same.

136.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 136, and therefore denies same.

137.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 137, and therefore denies same.

138.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 138, and therefore denies same.

139.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 139, and therefore denies same.

140.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 140, and therefore denies same.

141.    Denied.

142.    Mr. Kimball admits that Mrs. Kimball spoke with Mr. Hall on May 4, 2018.  Mr. Kimball denies that Mrs. Kimball and Mr. Hall met in person.  Mr. Kimball lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 142, and therefore denies same.

143.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 143, and therefore denies same.

144.    Admitted.

145.    The email referenced in Paragraph 145 is a document which speaks for itself, and Mr. Kimball denies any characterization of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 145.

146.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 146, and therefore denies same.

147.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 147, and therefore denies same.

148.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 148, and therefore denies same.

149.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 149, and therefore denies same.

150.    Mr. Kimball admits that he sent an email to the BOS on May 15, 2018 at 4:02 p.m. That email is a document that speaks for itself, and Mr. Kimball denies any characterization of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 150.

151.    Mr. Kimball admits that there were discussions at the May 15, 2018 BOS meeting concerning communications between Ms. Hall and the School Superintendent.  Mr. Kimball lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 151, and therefore denies same.

152.    Admitted.

153.    The email referenced in Paragraph 153 is a document that speaks for itself, and Mr. Kimball denies any characterization of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 153.

154.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 154, and therefore denies same.

155.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 155, and therefore denies same.

156.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 156, and therefore denies same.

157.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 157, and therefore denies same.

158.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 158, and therefore denies same.

159.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 159, and therefore denies same.

160.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 160, and therefore denies same.

161.    The email referenced in Paragraph 161 is a document which speaks for itself, and Mr. Kimball denies any characterization of same.

162.    Mr. Kimball admits that Ms. Hall contacted him on May 17, 2018 and told him that something happened with Mr. Chiocca after the May 1, 2018 BOS meeting.  Mr. Kimball lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 162, and therefore denies same.

163.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 163, and therefore denies same.

164.    Denied.

165.    Admitted.

166.    Mr. Kimball admits that he met with Ms. Hall later in the day on May 17, 2018, and that they spoke while walking on the rail trail. Mr. Kimball denies the remaining allegations contained in Paragraph 166.

167.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 167, and therefore denies same.

168.    The text messages referenced in Paragraph 168 are documents that speak for themselves, and any characterization of same is denied.  Mr. Kimball admits that he had a phone call with Ms. Hall that same night, and that Ms. Hall did not divulge additional details.  The remaining allegations contained in Paragraph 168 are denied.

169.    Admitted.

170.    Mr. Kimball denies that he called Mr. Chiocca, but states that he first texted Mr. Chiocca, and Mr. Chiocca then called Mr. Kimball.  Mr. Kimball further denies that he identified Mr. Hall by name during that phone conversation.  The remaining allegations contained in Paragraph 170 are admitted.

171.    Admitted.

172.    Admitted.

173.    Mr. Kimball denies that Mr. Chiocca called Ms. Hall "the aggressor".  The remaining allegations contained in Paragraph 173 are admitted.

174.    Mr. Kimball admits that Mr. Chiocca agreed to take vacation time.  The remaining allegations contained in Paragraph 174 are denied.

175.    Admitted.

176.    Mr. Kimball admits that there was a meeting between the Halls and the Kimballs. The remaining allegations contained in Paragraph 176 are denied.

177.    Admitted.

178.    Admitted.

179.    The document referenced in Paragraph 179 is a document that speaks for itself, and Mr. Kimball denies any characterization of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 179.

180.    The document referenced in Paragraph 180 is a document that speaks for itself, and Mr. Kimball denies any characterization of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 180.

181.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 181, and therefore denies same.

182.    The document referenced in Paragraph 182 is a document that speaks for itself, and Mr. Kimball denies any characterization of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 182.

183.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 183, and therefore denies same.

184.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 184, and therefore denies same.

185.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 185, and therefore denies same.

186.     Paragraph 186 consists solely of legal conclusions and therefore requires no response.  To the extent a response is required, the allegations are denied.

187.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 187, and therefore denies same.

188.     The document referenced in Paragraph 188 is a document that speaks for itself, and Mr. Kimball denies any characterization of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 188.

189.     The document referenced in Paragraph 189 is a document that speaks for itself, and Mr. Kimball denies any characterization of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 189.

190.     Admitted.

191.     Admitted.

192.     Denied.

193.     Denied.

194.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 194, and therefore denies same.

195.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 195, and therefore denies same.

196.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 196, and therefore denies same.

197.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 197, and therefore denies same.

198.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 198, and therefore denies same.

199.    Paragraph 199 consists solely of legal conclusions and therefore requires no response.  To the extent a response is required, the allegations are denied.

200.    Admitted.

201.    Admitted.

202.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 202, and therefore denies same.

203.    Mr. Kimball admits submitting an affidavit to Ms. Hall's counsel.  Mr. Kimball denies the remainder of the allegations contained in Paragraph 203.

204.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 204, and therefore denies same.

205.    Mr. Kimball admits that he was the Chair of the BOS when he signed the affidavit referenced in Paragraph 205.  Mr. Kimball lacks sufficient knowledge to admit or deny the remainder of the allegations contained in Paragraph 205, and therefore denies same.

206.    Paragraph 206 consists solely of a legal conclusion and therefore requires no response. Further, Paragraph 206 refers to the Massachusetts Rule of Professional Conduct, which is a legal resource and speaks for itself.  To the extent a response is required to Paragraph 206: denied.

207.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 207, and therefore denies same.

208.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 208, and therefore denies same.

209.     The affidavit referenced in Paragraph 209 is a document that speaks for itself. Mr. Kimball denies any characterizations of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 209.

210.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 210, and therefore denies same.

211.     Admitted.

212.     The press release referenced in Paragraph 212 is a document that speaks for itself. Mr. Kimball denies any characterizations of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 212.

213.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 213, and therefore denies same.

214.     The press release referenced in Paragraph 212 is a document that speaks for itself. Mr. Kimball denies any characterizations of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 214.

215.     The press release referenced in Paragraph 212 is a document that speaks for itself. Mr. Kimball denies any characterizations of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 215.

216.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 216, and therefore denies same.

217.     Admitted.

218.     Mr. Kimball admits that he spoke on topics related to the ongoing investigation that were not on the agenda. Mr. Kimball denies the remaining allegations contained in Paragraph 218.

219.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 219, and therefore denies same.

220.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 220, and therefore denies same.

221.     Mr. Kimball admits that he brought a motion to refer the Town's investigation to the police department.  Mr. Kimball lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 221, and therefore denies same.

222.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 222, and therefore denies same.

223.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 223, and therefore denies same.

224.     Denied.

225.     Denied.

226.     Mr. Kimball admits that, at the meeting referenced in Paragraph 226, Mr. Ryan called for Mr. Kimball to resign from the BOS.  Mr. Kimball lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 226, and therefore denies same.

227.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 227, and therefore denies same.

228.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 228, and therefore denies same.

229.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 229, and therefore denies same.

230.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 230, and therefore denies same.

231.     Admitted.

232.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 232, and therefore denies same.

233.     The report referenced in Paragraph 233 is a document that speaks for itself, and Mr. Kimball denies all characterizations of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 233.

234.     The report referenced in Paragraph 234 is a document that speaks for itself, and Mr. Kimball denies all characterizations of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 234.

235.     Admitted.

236.     Mr. Kimball cannot confirm the number of citizens that attended the July 10, 2018 meeting, and therefore denies that "hundreds of citizens attended."  Mr. Kimball admits the remainder of the allegations contained in Paragraph 236.

237.     Mr. Kimball admits that he made a statement at the outset of the July 10, 2018 meeting. Mr. Kimball lacks sufficient knowledge to admit or deny the remainder of the allegations contained in Paragraph 237, and therefore denies same.

238.     Admitted.

239.     Admitted.

240.    Paragraph 240 includes excerpts of a transcript of the July 10, 2018 Executive Session which is a document that speaks for itself, and Mr. Kimball denies any characterizations of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 240.

241.    Paragraph 241 includes excerpts of a transcript of the July 10, 2018 Executive Session which is a document that speaks for itself, and Mr. Kimball denies any characterizations of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 241.

242.    Paragraph 242 includes excerpts of a transcript of the July 10, 2018 Executive Session which is a document that speaks for itself, and Mr. Kimball denies any characterizations of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 242.

243.    Paragraph 243 includes excerpts of a transcript of the July 10, 2018 Executive Session which is a document that speaks for itself, and Mr. Kimball denies any characterizations of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 243.

244.    Paragraph 244 includes excerpts of a transcript of the July 10, 2018 Executive Session which is a document that speaks for itself, and Mr. Kimball denies any characterizations of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 244.

245.    Admitted.

246.    Paragraph 246 includes references to and excerpts of a transcript of the July 10, 2018 Executive Session which is a document that speaks for itself, and Mr. Kimball denies any characterizations of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 246.

247.    Paragraph 247 includes excerpts of a transcript of the July 10, 2018 Executive Session which is a document that speaks for itself, and Mr. Kimball denies any characterizations of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 247.

248.     Paragraph 248 includes excerpts of a transcript of the July 10, 2018 Executive Session which is a document that speaks for itself, and Mr. Kimball denies any characterizations of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 248.

249.     Paragraph 249 refers to a transcript of the July 10, 2018 Executive Session which is a document that speaks for itself, and Mr. Kimball denies any characterizations of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 249.

250.     Paragraph 250 refers to a transcript of the July 10, 2018 Executive Session which is a document that speaks for itself, and Mr. Kimball denies any characterizations of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 250.

251.     Paragraph 251 refers to a transcript of the July 10, 2018 Executive Session which is a document that speaks for itself, and Mr. Kimball denies any characterizations of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 251.

252.     Paragraph 252 refers to a transcript of the July 10, 2018 Executive Session which is a document that speaks for itself, and Mr. Kimball denies any characterizations of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 252.

253.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 253, and therefore denies same.

254.     Paragraph 254 refers to a transcript of the July 10, 2018 Executive Session which is a document that speaks for itself, and Mr. Kimball denies any characterizations of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 254.

255.     Admitted.

256.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 256, and therefore denies same.

257.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 257, and therefore denies same.

258.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 258, and therefore denies same.

259.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 259, and therefore denies same.

260.     Mr. Kimball admits that he did not attend a BOS meeting on July 17, 2018. Mr. Kimball lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 260, and therefore denies same.

261.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 261, and therefore denies same.

262.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 262, and therefore denies same.

263.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 263, and therefore denies same.

264.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 264, and therefore denies same.

265.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 265, and therefore denies same.

266.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 266, and therefore denies same.

267.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 267, and therefore denies same.

268.    The report referenced in Paragraph 268 is a document which speaks for itself, and Mr. Kimball denies any characterization of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 268.

269.    The report referenced in Paragraph 269 is a document which speaks for itself, and Mr. Kimball denies any characterization of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 269.

270.    The report referenced in Paragraph 270 is a document which speaks for itself, and Mr. Kimball denies any characterization of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 270.

271.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 271, and therefore denies same.

272.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 272, and therefore denies same.

273.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 273, and therefore denies same.

274.    Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 274, and therefore denies same.

275.    The correspondence referenced in Paragraph 275 is a document that speaks for itself, and Mr. Kimball denies any characterization of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 275.

276.    The letter referenced in Paragraph 276 is a document that speaks for itself, and Mr. Kimball denies any characterization of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 276.

277.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 277, and therefore denies same.

278.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 278, and therefore denies same.

279.     The report referenced in Paragraph 279 is a document that speaks for itself, and Mr. Kimball denies any characterizations of same.  Mr. Kimball lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 279, and therefore denies same.

280.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 280, and therefore denies same.

281.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 281, and therefore denies same.

282.     Paragraph 282 consists solely of a legal conclusion and therefore requires no response. To the extent a response is required to Paragraph 282: denied.

283.     The letter referenced in Paragraph 283 is a document that speaks for itself, and Mr. Kimball denies any characterization of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 283.

284.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 284, and therefore denies same.

285.     Admitted.

286.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 286, and therefore denies same.

287.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 287, and therefore denies same.

288.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 288, and therefore denies same.

289.     The report referenced in Paragraph 289 is a document that speaks for itself, and Mr. Kimball denies any characterizations of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 289.

290.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 290, and therefore denies same.

291.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 291, and therefore denies same.

292.     Paragraph 292 consists solely of a legal conclusion and therefore requires no response.  To the extent a response is required to Paragraph 292: denied.

293.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 293, and therefore denies same.

294.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 294, and therefore denies same.

295.     Admitted.

296.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 296, and therefore denies same.

297.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 297, and therefore denies same.

298.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 298, and therefore denies same.

299.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 299, and therefore denies same.

300.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 300, and therefore denies same.

301.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 301, and therefore denies same.

302.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 302, and therefore denies same.

303.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 303, and therefore denies same.

304.     Paragraph 304 consists solely of a legal conclusion and therefore requires no response.  To the extent a response is required to Paragraph 304: denied.

305.     Paragraph 305 consists solely of a legal conclusion and therefore requires no response.  To the extent a response is required to Paragraph 305: denied.

306.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 306, and therefore denies same.

307.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 307, and therefore denies same.  Further responding, Paragraph 307 contains a legal conclusion which requires no response.  To the extent a response is required: denied.

308.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 308, and therefore denies same.

309.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 309, and therefore denies same.

310.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 310, and therefore denies same.

311.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 311, and therefore denies same.

312.     The position statement referenced in Paragraph 312 is a document that speaks for itself, and Mr. Kimball denies any characterization of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 312.

313.     The position statement referenced in Paragraph 313 is a document that speaks for itself, and Mr. Kimball denies any characterization of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 313.

314.     The position statement referenced in Paragraph 314 is a document that speaks for itself, and Mr. Kimball denies any characterization of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 314.

315.     Denied.

316.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 316, and therefore denies same.

317.     The position statement referenced in Paragraph 317 is a document that speaks for itself, and Mr. Kimball denies any characterization of same.  Mr. Kimball denies the remaining allegations contained in Paragraph 317.

318.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 318, and therefore denies same.

319.     Mr. Kimball lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 319, and therefore denies same.

## CAUSES OF ACTION

### COUNT I

320.   Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

321.   Denied.

322.   Denied.

### COUNT 2

323.   Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

324.   Denied.

325.   Denied.

### COUNT 3

326.   Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

327.   Denied.

328.   Denied.

### COUNT 4

329.   Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

330.   Denied.

331.   Denied.

### COUNT 5

332.   Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

333.   The allegations contained in Paragraph 333 refer to another party and, therefore, Mr. Kimball neither admits nor denies same.

334.   The allegations contained in Paragraph 334 refer to another party and, therefore, Mr. Kimball neither admits nor denies same.

## COUNT 6

335.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

336.    The allegations contained in Paragraph 336 refer to another party and, therefore, Mr. Kimball neither admits nor denies same.

337.    The allegations contained in Paragraph 337 refer to another party and, therefore, Mr. Kimball neither admits nor denies same.

## COUNT 7

338.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

339.    Denied.

340.    Denied.

341.    Denied.

## COUNT 8

342.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

343.    The allegations contained in Paragraph 343 refer to another party and, therefore, Mr. Kimball neither admits nor denies same.

344.    The allegations contained in Paragraph 344 refer to another party and, therefore, Mr. Kimball neither admits nor denies same.

345.    The allegations contained in Paragraph 345 refer to another party and, therefore, Mr. Kimball neither admits nor denies same.

346.    The allegations contained in Paragraph 346 refer to another party and, therefore, Mr. Kimball neither admits nor denies same.

## COUNT 9

347.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

348.    Paragraph 348 contains a statement of law to which no response is required; to the extent a response is required: denied.

349.    Denied.

350.    Denied.

## COUNT 10

351.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

352.    Paragraph 352 contains a statement of law to which no response is required; to the extent a response is required: denied.

353.    Denied.

354.    Mr. Kimball denies that he was the Town's municipal policy and decision maker at all relevant times hereto. The remaining allegations contained in Paragraph 354 consist of statements of law to which no response is required; to the extent a response is required: denied.

355.    Denied.

## COUNT 11

356.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

357.    Paragraph 357 contains a statement of law to which no response is required; to the extent a response is required: denied.

358.    Denied.

359.    Denied.

360.    Denied

## COUNT 12

361.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

362.    Paragraph 362 contains a statement of law to which no response is required; to the extent a response is required: denied.

363.    Denied.

364.    Mr. Kimball denies that he was the Town's municipal policy and decision maker at all relevant times hereto. The remaining allegations contained in Paragraph 364 contain statements of law to which no response is required; to the extent a response is required: denied.

365.    Denied.

366.    Denied.

## COUNT 13

367.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

368.    Paragraph 368 consists of a statement of law to which no response is required; to the extent a response is required: denied.

369.    Denied.

370.    Denied.

## COUNT 14

371.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

372.    Paragraph 372 consists of a statement of law to which no response is required; to the extent a response is required: denied.

373.    Denied.

374.    Mr. Kimball denies that he was the Town's municipal policy and decision maker at all relevant times hereto. The remaining allegations contained in Paragraph 374 contain statements of law to which no response is required; to the extent a response is required: denied.

375.    Denied.

## COUNT 15

376.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

377.    Paragraph 377 consists of a statement of law to which no response is required; to the extent a response is required: denied.

378.    Denied.

379.    Denied.

## COUNT 16

380.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

381.    Paragraph 381 consists of a statement of law to which no response is required; to the extent a response is required: denied.

382.    Denied.

383.    Mr. Kimball denies that he was the Town's municipal policy and decision maker at all relevant times hereto. The remaining allegations contained in Paragraph 383 contain statements of law to which no response is required; to the extent a response is required: denied.

384.    Denied.

## COUNT 17

385.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

386.    Paragraph 386 consists of a statement of law to which no response is required; to the extent a response is required: denied.

387.    The allegations contained in Paragraph 387 refer to other parties and, therefore, Mr. Kimball neither admits nor denies same.

388.    The allegations contained in Paragraph 388 refer to other parties and, therefore, Mr. Kimball neither admits nor denies same.

## COUNT 18

389.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

390.    Paragraph 390 consists of a statement of law to which no response is required; to the extent a response is required: denied.

391.    Denied.

392.    Mr. Kimball denies that he was the Town's municipal policy and decision maker at all relevant times hereto. The remaining allegations contained in Paragraph 383 contain statements of law to which no response is required; to the extent a response is required: denied.

393.    Denied.

## COUNT 19

394.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

395.    Paragraph 395 consists of a statement of law to which no response is required; to the extent a response is required: denied.

396.    Denied.

397.    Denied.

398.    Denied.

399.    Denied.

## COUNT 20

400.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

401.    Paragraph 401 consists of a statement of law to which no response is required; to the extent a response is required: denied.

402.    Denied.

403.    Denied.

404.    Mr. Kimball denies that he was the Town's municipal policy and decision maker at all relevant times hereto. The remaining allegations contained in Paragraph 383 contain statements of law to which no response is required; to the extent a response is required: denied.

405.    Denied.

406.    Denied.

## COUNT 21

407.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

408.    Denied.

409.    Denied.

410.    Denied.

## COUNT 22

411.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

412.    The allegations contained in Paragraph 412 refer to other parties and, therefore, Mr. Kimball neither admits nor denies same.

413.    The allegations contained in Paragraph 413 refer to other parties and, therefore, Mr. Kimball neither admits nor denies same.

414.    The allegations contained in Paragraph 414 refer to other parties and, therefore, Mr. Kimball neither admits nor denies same.

## COUNT 23

415.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

416.    Denied.

417.    Denied.

418.    Denied.

419.    Denied.

420.    Denied.

## COUNT 24

421.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

422.    Paragraph 422 consists of a statement of law to which no response is required; to the extent a response is required: denied.

423.    Paragraph 423 consists of a statement of law to which no response is required; to the extent a response is required: denied.

424.    Denied.

## COUNT 25

425.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

426.    Paragraph 426 consists of a statement of law to which no response is required; to the extent a response is required: denied.

427.    Paragraph 427 consists of a statement of law to which no response is required; to the extent a response is required: denied.

428.    Denied.

## COUNT 26

429.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

430.    Paragraph 430 consists of a statement of law to which no response is required; to the extent a response is required: denied.

431.    Denied.

432.    Denied.

## COUNT 27

433.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

434.    The allegations contained in Paragraph 434 refer another party and, therefore, Mr. Kimball neither admits nor denies same.

435.    The allegations contained in Paragraph 435 refer another party and, therefore, Mr. Kimball neither admits nor denies same.

## COUNT 28

436.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

437.    The allegations contained in Paragraph 437 refer another party and, therefore, Mr. Kimball neither admits nor denies same.

438.    The allegations contained in Paragraph 438 refer another party and, therefore, Mr. Kimball neither admits nor denies same.

## COUNT 29

439.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

440.    The allegations contained in Paragraph 440 refer another party and, therefore, Mr. Kimball neither admits nor denies same.

441.    The allegations contained in Paragraph 441 refer another party and, therefore, Mr. Kimball neither admits nor denies same.

## COUNT 30

442.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

443.    The allegations contained in Paragraph 443 refer another party and, therefore, Mr. Kimball neither admits nor denies same.

444.    The allegations contained in Paragraph 444 refer another party and, therefore, Mr. Kimball neither admits nor denies same.

## COUNT 31

445.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

446.    The allegations contained in Paragraph 446 refer another party and, therefore, Mr. Kimball neither admits nor denies same.

447.    The allegations contained in Paragraph 447 refer another party and, therefore, Mr. Kimball neither admits nor denies same.

## COUNT 32

448.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

449.    The allegations contained in Paragraph 446 refer another party and, therefore, Mr. Kimball neither admits nor denies same.

450.    The allegations contained in Paragraph 446 refer another party and, therefore, Mr. Kimball neither admits nor denies same.

## COUNT 33

451.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

452.    The allegations contained in Paragraph 452 refer another party and, therefore, Mr. Kimball neither admits nor denies same.

453.    The allegations contained in Paragraph 453 refer another party and, therefore, Mr. Kimball neither admits nor denies same.

## COUNT 34

454.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

455.    Denied.

456.    Denied.

## COUNT 35

457.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

458.    The allegations contained in Paragraph 458 refer to other parties and, therefore, Mr. Kimball neither admits nor denies same.

459.    The allegations contained in Paragraph 459 refer to other parties and, therefore, Mr. Kimball neither admits nor denies same.

## COUNT 36

460.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

461.    Denied.

462.    Denied.

## COUNT 37

463.    Mr. Kimball incorporates the foregoing paragraphs as if fully incorporated herein.

464.    Denied.

465.    Denied.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim against Mr. Kimball upon which relief can be granted and, therefore, must be dismissed.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to comply with the requirements of Fed. R. Civ. P. 8(a)(2), requiring a short and plain statement, and therefore should be dismissed pursuant to Fed. R. Civ. P. 41(b).

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by applicable statutes of repose.

### SEVENTH AFFIRMATIVE DEFENSE

Any injuries or damages sustained by Plaintiff, which Mr. Kimball denies, were caused by someone for whose conduct Mr. Kimball cannot be held responsible.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a prima facie case of his claims, including but not limited to, Mass. Gen. Laws ch. 151B,  42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, Intentional Infliction of Emotional Distress, Intentional Interference with Contractual Relations, and Intentional Interference with Advantageous Relations.

### NINTH AFFIRMATIVE DEFENSE

There were legitimate, non-discriminatory reasons for the alleged actions and/or decisions taken against Plaintiff, and therefore, he cannot recover under G.L. ch. 151B and/or the ADEA.

### TENTH DEFENSE

Mr. Kimball is entitled to qualified immunity.

**ELEVENTH DEFENSE**

Mr. Kimball is entitled to absolute privilege and/or conditional or qualified privilege.

**TWELFTH DEFENSE**

The Plaintiff was not deprived of any rights protected under any federal or state constitutional or statutory provisions and, therefore, the Plaintiff cannot recover.

**THIRTEENTH DEFENSE**

No fails to allege a conspiracy with adequate specificity and, therefore, cannot recover.

**FOURTEENTH DEFENSE**

If the Plaintiff was deprived of any rights (which Mr. Kimball denies), the Plaintiff had adequate post-deprivation remedies and, therefore, cannot recover.

**COUNTERCLAIM AGAINST ALLAN CHIOCCA**

1.      Defendant and Plaintiff-in-Counterclaim Kimball served as one of five Selectmen of the Town of Rockland from April of 2010 until his resignation on July 31, 2018.

2.      Mr. Kimball further served as Chair of the Board of Selectmen of the Town of Rockland (the "BOS") from 2012 until July 10, 2018.

3.      In March and April of 2018, Mr. Kimball regrettably had a six-week affair with one of his colleagues, fellow Selectperson Deirdre Hall.

4.      Mr. Kimball broke off the affair in late April of 2018, and entered into marriage counseling with his wife of 36 years, Dawn Kimball.

5.      Mr. Kimball did not affirmatively disclose the affair to his colleagues or acquaintances.

6.      Mr. Kimball kept the affair private, speaking of it with his wife and their marriage counselor.

7.      While Mr. and Mrs. Kimball were working to repair their marriage, Mr. Kimball was keeping his distance from Ms. Hall, and from Town Hall, where he was likely to run into Ms. Hall.

8.      However, on May 17, 2018, Ms. Hall reported to Mr. Kimball that "something happened" between herself and Plaintiff/Defendant-in-Counterclaim Allan Chiocca on the night of May 1, 2018, at the Town Hall, following an evening of drinks at the RBG.

9.      When Mr. Kimball asked Ms. Hall for further information, she stated that she could not recall further details because she had several drinks and had a lapse in her memory.

10.     Ms. Hall told Mr. Kimball that when she returned home at the end of the evening on May 1-2, 2018, she had spoken to her husband, and she believed he (Mr. Hall) had some information based on those discussions.

11.     Mr. Kimball had a good faith belief that Ms. Hall was asking him for help, and was reporting an incident to him that was potentially a violation of the Town Hall's sexual harassment policy, and perhaps of the law.

12.     Mr. Kimball did not know at that time, but learned later, that Ms. Hall had first reported the incident to another member of the BOS, Michael Mullen.  However, Mr. Mullen did not act on the information provided to him, and did not report the incident.

13.     Mr. Kimball trusted that Ms. Hall was telling him the truth, but also felt that as a member of the BOS, he needed to be sure that the allegations were accurate prior to escalating the matter.

14.     Therefore, Mr. Kimball contacted the IT Director for the Town of Rockland, Eric Hart, and asked him to pull the Town Hall surveillance footage for the night of May 1-2, 2018.

15.     Mr. Kimball reviewed the footage, along with Mr. Hart.

16.     The footage showed that Ms. Hall and Mr. Chiocca did, in fact, arrive together at the Town Hall on the night of May 1, 2018, and that they were together on the premises until approximately 2 a.m. on May 2, 2018.

17.     During the course of the footage, Mr. Kimball observed that Ms. Hall was unsteady on her feet, sometimes stumbling.  Ms. Hall also appeared to hold her head and face in her hands, apparently in distress.

18.     In contrast, the footage showed Mr. Chiocca looking relaxed and walking without difficulty.

19.     It was Mr. Kimball's view, upon viewing the footage, that Ms. Hall appeared to be intoxicated, and Mr. Chiocca appeared sober.

20.     On the evening of May 17, 2018, Mr. Kimball returned a call to Mr. Hall.  During that call, Mr. Hall told Mr. Kimball that in the early hours of May 2, 2018, when Ms. Hall returned home, she told Mr. Hall that Mr. Chiocca had told her that, "the way we do things is I ask you for a contract. You give me a blowjob and I get a contract."

21.     Mr. Kimball was alarmed to learn that Mr. Chiocca had behaved in this manner, and texted Mr. Chiocca to request a phone call.  Mr. Chiocca called Mr. Kimball.

22.     During the phone call between Mr. Kimball and Mr. Chiocca, Mr. Kimball stated, "I received a very interesting phone call from a fellow Board member's husband."

23.     Mr. Chiocca responded with concern about potential surveillance footage from the RBG.

24.     Mr. Chiocca and Mr. Kimball agreed to meet the following morning.

25.     Prior to meeting with Mr. Chiocca, Mr. Kimball contacted Town Counsel, Attorney Clifford.

26.     Mr. Kimball contacted Mr. Clifford for the purpose of obtaining legal advice concerning the report that Ms. Hall had made to him, and the information learned through the conversation with Mr. Hall.

27.     Mr. Kimball and Mr. Clifford agreed to meet at the Town Hall for the purpose of confronting Mr. Chiocca concerning these reports.

28.     Mr. Clifford arrived at the Town Hall before Mr. Kimball.  When Mr. Kimball arrived, they both entered Mr. Chiocca's office.  Mr. Kimball told Mr. Chiocca that he had received a call from a Board member's husband reporting that Mr. Chiocca had requested a blow job during contract negotiations.

29.     Mr. Chiocca admitted to receiving oral sex from Ms. Hall.

30.     Mr. Chiocca denied having any conversation with Ms. Hall concerning blowjobs being traded for contracts.

31.     Mr. Chiocca stated during that meeting, "I just want this to go away."

32.     Mr. Chiocca offered to "retire, take leave, or do whatever."  He also stated that he wanted to be paid until July 2018 so he could make his 10 year anniversary date.

33.     Mr. Chiocca also stated that he wanted to attend the June 5, 2018 BOS meeting so he could thank the BOS and then quietly resign.

34.     Mr. Clifford suggested that Mr. Chiocca take voluntary leave, and that he could be paid his vacation time.

35.     Mr. Clifford also asked Mr. Chiocca if he would sign a non-disclosure agreement with the Town.

36.     Mr. Chiocca stated that he would be willing to sign an agreement.

37.     Mr. Clifford then asked Mr. Kimball if Mr. Kimball would contact Ms. Hall to inquire as to whether she would be willing to enter into an agreement.

38.     Mr. Kimball did not know why Mr. Clifford asked Mr. Kimball to contact Ms. Hall.

39.     The previous day, on May 17, 2018, Mr. Clifford had written Mr. Kimball an email that suggested that Mr. Clifford was aware of Mr. Kimball's affair with Ms. Hall, and was further aware that Mrs. Kimball had learned of the affair.

40.     Mr. Kimball contacted Ms. Hall, who said she would be willing to enter into a nondisclosure agreement.

41.     While the parties were discussing potential terms of a non-disclosure agreement, news of the May 1-2, 2018 incident was televised on May 23, 2018.

42.     The publicity concerning the Incident included allegations by Mr. Chiocca that Ms. Hall was the aggressor during the incident, and that she had used her supervisory position over Mr. Chiocca to coerce Mr. Chiocca into receiving a blow job, threatening to vote against the renewal of his contract if he did not acquiesce.

43.     On May 29, 2018, at a BOS meeting, the BOS voted to place Mr. Chiocca on administrative leave.

44.     The BOS also voted at that meeting to retain Regina Ryan, Esq. of Discrimination and Harassment Solutions, LLC, to conduct an independent investigation into the incident.

45.     On July 2, 2018, Ms. Ryan completed her report.

46.     Upon information and belief, Ms. Ryan provided her report directly to Mr. Clifford.

47.     Upon information and belief, Mr. Clifford provided an unredacted copy of the report to three members of the BOS: Larry Ryan, Michael Mullen, Jr., and Michael O'Loughlin. Mr. Clifford did not provide a copy to Mr. Kimball.

48.     In fact, Mr. Clifford initially refused to provide a copy of the report to Mr. Kimball unless and until Mr. Kimball signed a confidentiality agreement.

49.     Later, Mr. Clifford required Mr. Kimball's counsel to "accept notice" pursuant to General Laws c. 30A, § 21 before he would provide Mr. Kimball (through counsel) with a copy of the report.

50.     Mr. Clifford was clear in his communications to counsel for Mr. Chiocca, Ms. Hall and Mr. Kimball that the report "is a confidential personnel record and includes sensitive information about all parties and the report itself should not be released without the consent or approval of the Town."

51.     The report drafted by Regina Ryan ("the Report") contained several findings concerning Mr. Kimball, despite the fact that he was not the focus of the investigation.

52.     Mr. Kimball disputes the accuracy of the Report.

53.     The Report included many so-called findings that were personal about Mr. Kimball, including findings about the affair between Mr. Kimball and Ms. Hall.

54.     These findings were not only personal about Mr. Kimball, but also personal about Mrs. Kimball.

55.     The Report contained findings related not only to Mr. Kimball's position on the BOS, but also to his marriage.

56.     Findings related to Mr. Kimball's personal life were not relevant to the investigation.

57.     Findings related to Mr. Kimball's marriage were not relevant to the investigation.

58.     A BOS meeting was held on June 10, 2018.

59.     At that meeting, Mr. Kimball was voted out as Chairman of the BOS.  Mr. Ryan was voted in as new Chairman.

60.     At that same meeting, three members of the BOS voted to accept the Report.

61.     The BOS did not vote to release the Report.

62.     On July 11, 2018, the Acting Town Administrator, John Llewellyn, informed the BOS that Mr. Chiocca's attorney released the entire Report to social media.

63.     As a result of the release, Mr. Kimball was the focus of ridicule and harassment for months in the Town of Rockland and beyond.

64.     One blogger, known as Turtleboy, adopted an unfavorable nickname for Mr. Kimball, and repeatedly mocked him for the relationship with Ms. Hall, based on the contents of the Report.

65.     The intrusion on Mr. Kimball's privacy was substantial and serious, as he endured public ridicule for several months on matters that impacted his marriage and his family.

66.     It was unreasonable for Mr. Chiocca to disseminate the Report, as he had been advised by Town Counsel that the Report was confidential and that it could not be released, due to the personal information contained therein, without authorization from the BOS; authorization that had not been granted.

67.     Because of the widespread public humiliation and harm to his reputation, Mr. Kimball lost business opportunities, resulting in economic injury and monetary damages.

## COUNT I

### Public Disclosure of Private Facts

### (Kimball v. Chiocca)

68.     Mr. Kimball incorporates the foregoing paragraphs as if restated herein.

69.     As set forth above, Mr. Chiocca obtained private facts concerning Mr. Kimball, when he was provided with the Report created by Regina Ryan.

70.     The facts concerning Mr. Kimball were high personal and of an intimate nature.

71.     Mr. Chiocca disseminated the Report, through counsel, in an unreasonable manner, when he provided it to various media outlets, including through social media, despite the clear written prohibition on doing so from Town Counsel.

72.     The dissemination of these private facts to the public was both substantial and serious.

73.     There was no legitimate, countervailing interest in releasing the Report.

74.     Mr. Kimball suffered damages as a result of Mr. Chiocca's public dissemination of these private facts.

75.     Mr. Kimball further suffered emotional distress as a result of Mr. Chiocca's actions.

WHEREFORE, Mr. Kimball prays for Judgment in his favor as follows:

A.     As to Mr. Chiocca's Complaint, Judgment against Mr. Chiocca and in favor of Mr. Kimball, dismissing each Count of the Complaint brought against Mr. Kimball;

B.     As to Mr. Kimball's Counterclaim against Mr. Chiocca, a judgment against Mr. Chiocca and in favor of Mr. Kimball;

C.      As to Mr. Kimball's Counterclaim against Mr. Chiocca, a judgment and order awarding Mr. Kimball damages, as well as punitive damages;

D.      A judgment and order awarding Mr. Chiocca all legally permissible interest; and

E.      Such other relief as this Court may deem just and proper.

## JURY DEMAND

Mr. Kimball demands a trial by jury.

Respectfully submitted,

/s/ Suzanne Elovecky
Howard M. Cooper (BBO # 543842)
Suzanne Elovecky (BBO # 670047)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA  02110
T: 617-720-2626
hcooper@toddweld.com
selovecky@toddweld.com

Dated:    August 30, 2019

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on August 30, 2019.

/s/ Suzanne Elovecky
Suzanne Elovecky

4812-6402-3202, v. 2