**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **Allan Chiocca,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **The Town of Rockland, Deirdre Hall,** ) | **C.A. No. 1:19-cv-10482-WGY** |
| **Edward Kimball, Larry Ryan,** ) | |
| **Michael Mullen Jr., Michael O'Loughlin,** ) | |
| **Richard Penney and Kara Nyman,** ) | |
| ) | |
| **Defendants** ) | |

## DEFENDANT DEIRDRE HALL'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Deirdre Hall ("Defendant Hall") files her Answer to Plaintiff's Complaint as follows:

### THE PARTIES

1.   Admitted.

2.   Admitted.

3.   Admitted.

4.   Admitted.

5.   It is denied that Larry Ryan is the current Chairman of the BOS.  The remainder of Paragraph 5 is admitted.

6.   Admitted.

7.   It is denied that Michael O'Loughlin is the current Vice Chairman of the BOS.  The remainder of Paragraph 7 is admitted.

8.   Admitted.

9.   Admitted.

## JURISDICTION AND VENUE

10.  Paragraph 10 contains a conclusion of law to which no response is required by Defendant Hall.

11.  Paragraph 11 contains a conclusion of law of law to which no response is required by Defendant Hall.

12.  Paragraph 12 contains a conclusion of law to which no response is required by Defendant Hall.

13.  Paragraph 13 contains a conclusion of law to which no response is required by Defendant Hall.

## SUBSTANTIVE ALLEGATIONS

14.  Admitted.

15.  Paragraph 15 references a written document that speaks for itself.

16.  Paragraph 16 references a written document that speaks for itself.

17.  Paragraph 17 references a written document that speaks for itself.

18.  Paragraph 18 references a written document that speaks for itself.

19.  Admitted.

20.  Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

21.  Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

22.  Admitted.

23.  Denied.

24.  Admitted.

25.  Denied.

26.    It is denied that Defendant Hall declared her candidacy for State Representative in Spring 2018.  The remainder of Paragraph 26 is admitted.

27.    It is denied that Defendant Hall "professed" her love for Mr. Kimball.  The remainder of Paragraph 27 is admitted.

28.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

29.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

30.    Admitted.

31.    It is admitted that at 6:58 p.m., Mrs. Kimball texted Defendant Hall.  The remainder of Paragraph 31 references a written document which speaks for itself.

32.    It is admitted that the May 1, 2018 BOS meeting concluded at approximately 7:30 p.m. The remainder of Paragraph 32 is denied.

33.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

34.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

35.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

36.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

37.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

38.     Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

39.     Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

40.     Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

41.     Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

42.     Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

43.     Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

44.     Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

45.     Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

46.     Denied.

47.     Admitted.

48.     Denied.

49.     Denied.

50.     It is admitted that at 8:33 p.m. on May 1, 2018, Mrs. Kimball texted Defendant Hall.  The remainder of Paragraph 50 references a written document which speaks for itself.

51.     Admitted.

52.     Denied.

53.     Admitted.

54.     It is admitted that Defendant Hall asked Mr. Chiocca if she could use his cell phone because she wanted to check social media to see if Mrs. Kimball posted anything.  The remainder of Paragraph 54 is denied.

55.     Admitted.

56.     It is admitted that Defendant Hall divulged to Mr. Chiocca that she had been having a relationship with Mr. Kimball.  The remainder of Paragraph 56 is denied.

57.     Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

58.     Denied.

59.     Denied.

60.     It is admitted that Defendant Hall and Mr. Chiocca discussed the BOS meeting, Defendant Hall's performance as the acting chairperson, whether Defendant Hall preferred to be called madam "chairperson" or "chairwoman," Defendant Hall's relationship with Mr. Kimball, and Mrs. Kimball's response to learning of the relationship.  The remainder of Paragraph 60 is denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

67. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

68. It is admitted that at 9:45 p.m., Defendant Hall texted her husband.  The remainder of Paragraph 68 references a written document which speaks for itself.

69. It is admitted that Mr. Chiocca paid the bill at RBG.  It is denied that he paid the bill at 9:56 p.m.  As to the remainder of Paragraph 69, Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

81. Denied.

82. Admitted.

83.    Admitted.

84.    Denied.

85.    It is admitted that the two exited Town Hall and started to walk across the plaza towards the stairs leading down to the parking lot where Mr. Chiocca's truck was parked. The remainder of Paragraph 85 is denied.

86.    It is admitted that Defendant Hall was walking ahead of Mr. Chiocca. The remainder of Paragraph 86 is denied.

87.    Admitted.

88.    Denied.

89.    It is admitted that the two returned to Town Hall. The remainder of Paragraph 89 is denied.

90.    It is admitted they went to Mr. Chiocca's office. It is denied that Defendant Hall closed the door; however, it is admitted that Mr. Chiocca closed the door.

91.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

92.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

93.    Admitted.

94.    Denied.

95.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

96.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

97.   Deirdre Hall has insufficient knowledge or information upon which to form a belief as to whether she and Mr. Chiocca consumed alcohol and therefore leaves the Plaintiff to his proof.  The remainder of Paragraph 97 is denied.

98.   Denied.

99.   Denied.

100.   Denied.

101.   It is admitted, with clarification, that Mr. Chiocca penetrated Deirdre Hall's mouth with his penis.  The remainder of Paragraph 101 is denied.

102.   Denied.

103.   Denied.

104.   Denied.

105.   Denied.

106.   It is admitted that Defendant Hall and Mr. Chiocca exited Mr. Chiocca's office at 2:13 a.m. The remainder of Paragraph 106 is denied.

107.   Denied.

108.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

109.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

110.   Admitted.

111.   Admitted.

112.   It is admitted that Mr. Hall observed Defendant Hall in the bathroom texting.  The remainder of Paragraph 112 is denied.

113.    It is admitted that at 2:25 a.m., Defendant Hall texted her husband.  The remainder of
        Paragraph 113 references a written document which speaks for itself.

114.    Defendant Hall objects to the allegations contained in this Paragraph. The allegations
        contained in Paragraph 114 contain marital communications, and thus, no response is
        required based upon the marital disqualification rule.

115.    Defendant Hall objects to the allegations contained in this Paragraph. The allegations
        contained in Paragraph 115 contain marital communications, and thus, no response is
        required based upon the marital disqualification rule.

116.    Defendant Hall objects to the allegations contained in this Paragraph. The allegations
        contained in Paragraph 116 contain marital communications, and thus, no response is
        required based upon the marital disqualification rule.

117.    Defendant Hall objects to the allegations contained in this Paragraph. The allegations
        contained in Paragraph 117 contain marital communications, and thus, no response is
        required based upon the marital disqualification rule.

118.    Defendant Hall objects to the allegations contained in this Paragraph. The allegations
        contained in Paragraph 118 contain marital communications, and thus, no response is
        required based upon the marital disqualification rule.

119.    Defendant Hall objects to the allegations contained in this Paragraph. The allegations
        contained in Paragraph 119 contain marital communications, and thus, no response is
        required based upon the marital disqualification rule.

120.    Defendant Hall objects to the allegations contained in this Paragraph. The allegations
        contained in Paragraph 120 contain marital communications, and thus, no response is
        required based upon the marital disqualification rule.

121.  It is admitted that Mr. Hall called out sick.  The remainder of Paragraph 121 is denied.

122.  Defendant Hall objects to the portion of Paragraph 122 which states, "[a]fter approximately 30-45 minutes of talking downstairs," because this allegation contains marital communications, and thus, no response is required based upon the marital disqualification rule. The remainder of Paragraph 122 is admitted.

123.  Defendant Hall objects to the allegations contained in this Paragraph. The allegations contained in Paragraph 123 contain marital communications, and thus, no response is required based upon the marital disqualification rule.

124.  Admitted. Defendant Hall objects to the allegations contained in this Paragraph. The allegations contained in Paragraph 124 contain marital communications, and thus, no response is required based upon the marital disqualification rule.

125.  Defendant Hall objects to the allegations contained in this Paragraph. The allegations contained in Paragraph 125 contain marital communications, and thus, no response is required based upon the marital disqualification rule.

126.  Admitted.

127.  Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

128.  It is admitted that at 8:02 a.m., Defendant Hall emailed Mr. Chiocca, and at 8:05 a.m., Mr. Chiocca responded.  The remainder of Paragraph 128 references a written document which speaks for itself.

129.  It is admitted that Defendant Hall asked Mr. Chiocca for "discretion" about what happened, although Defendant Hall denies Mr. Chiocca's version of events as to what happened.  The remainder of Paragraph 129 is denied.

130.    Denied.

131.    Defendant Hall objects to the portion of Paragraph 131 which states, "despite the fact that she lied and told her husband just a few hours earlier that Mr. Chiocca stated, 'normally how this works is I ask for a raise, you give me a blowjob'" because this allegation contains marital communications, and thus, no response is required based upon the marital disqualification rule. The first sentence of Paragraph 131 is admitted.  The remainder of Paragraph 131 is denied.

132.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

133.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

134.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

135.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

136.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

137.    It is admitted that on May 4, 2018, Defendant Hall emailed Mr. Chiocca. The remainder of Paragraph 137 references a written document which speaks for itself.

138.    The first sentence of Paragraph 138 is admitted.  The second sentence of Paragraph 138 is denied.

139.    Denied.

140.    Denied.

141.   Denied.

142.   It is denied that the parties met in person.  As to whether it was most important to Mrs. Kimball to not let the public know about the relationship, Deirdre Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.  The remainder of Paragraph 142 is admitted.

143.   Denied.

144.   It is admitted that the annual Town Meeting was held on May 7, 2018, and Mr. Chiocca, Mr. Kimball, Defendant Hall and others went out for drinks to China Plaza.  The remainder of Paragraph 144 is denied.

145.   Deirdre Hall objects to Paragraph 145 on the basis that a response would constitute a disclosure of a communication protected by the attorney-client privilege made at the time she was a BOS member.  Subject to and notwithstanding this objection, Paragraph 145 references a written document that speaks for itself.

146.   Denied.

147.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

148.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

149.   It is admitted that on May 14, 2018, Ms. Birmingham and Defendant Hall went to the ceremony at the State House for recognition for a grant the Town received. It is further admitted that Mr. Chiocca did not attend that event.  As to the remainder of Paragraph 149, Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

150.   Defendant Hall has insufficient knowledge or information upon which to form a belief as to whether the May 15, 2018 BOS meeting was very contentious and therefore leaves the Plaintiff to his proof. The remainder of Paragraph 150 references a written document which speaks for itself.

151.   It is denied that Defendant Hall had the alleged communications with the School Superintendent.  As to the remainder of Paragraph 151, Deirdre Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

152.   Admitted.

153.   It is admitted that on May 16, 2018, Mr. Ryan sent an email at approximately 12:41 p.m. to the BOS members.  The remainder of Paragraph 153 references a written document which speaks for itself.

154.   It is admitted that Mr. Ryan declined to go to lunch with Mr. Chiocca.  As to the remainder of Paragraph 154, Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

155.   It is admitted that Deirdre Hall called Mr. Mullen on May 16, 2018.  It is admitted that Defendant Hall told Mr. Mullen that she and Mr. Chiocca went to Town Hall after the May 1st BOS meeting, and that she didn't remember. It is admitted that Defendant Hall described Mr. Chiocca was evil.  The remainder of Paragraph 155 is denied.

156.   It is admitted that on May 16, 2018, at approximately 8:45p.m., Defendant Hall went to the RBG and sat next to Mr. Chiocca.  The remainder of Paragraph 156 is denied.

157.   Admitted.

158.   Admitted.

159.    It is admitted that on May 17, 2018 there was an MAPC meeting which was held in Rockland.   As to the remainder of Paragraph 159, Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

160.    Denied.

161.    It is admitted that at 11:03 a.m., Mr. Ryan sent an email to the members of the BOS.  The remainder of Paragraph 161 references a written document that speaks for itself.

162.    The portion of Paragraph 162 which states "at about that time" is denied.  The portion of Paragraph 162 which characterizes Defendant Hall's statements as lies is denied.  The remainder of Paragraph 162 is admitted.

163.    Denied.

164.    It is denied that Mr. Kimball was furious.  The remainder of Paragraph 164 is admitted.

165.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

166.    It is admitted that Defendant Kimball asked Defendant Hall to meet him, and they went for a walk on the rail trail.  As to the portion of Paragraph 166 which states "40-minute," Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.  It is further admitted that Defendant Hall felt that she had disappointed Mr. Kimball.  The remainder of Paragraph 166 is denied.

167.    Denied.

168.    It is admitted that Mr. Kimball texted Defendant Hall. The last sentence of Paragraph 168 is admitted. The remainder of Paragraph 168 references a written document which speaks for itself.

169.   It is admitted that Mr. Kimball spoke with Mr. Hall, and Mr. Hall told Mr. Kimball that

Defendant Hall arrived home she told him that Mr. Chiocca stated, "the way we do things

around here is I ask for a raise, you give me a blowjob, and I get my contract."  The

remainder of Paragraph 169 is denied.

170.   Defendant Hall has insufficient knowledge or information upon which to form a belief and

therefore leaves the Plaintiff to his proof.

171.   Defendant Hall has insufficient knowledge or information upon which to form a belief and

therefore leaves the Plaintiff to his proof.

172.   Defendant Hall has insufficient knowledge or information upon which to form a belief and

therefore leaves the Plaintiff to his proof.

173.   Defendant Hall has insufficient knowledge or information upon which to form a belief and

therefore leaves the Plaintiff to his proof.

174.   Defendant Hall has insufficient knowledge or information upon which to form a belief and

therefore leaves the Plaintiff to his proof.

175.   It is denied that there was a meeting.  The remainder of Paragraph 175 is admitted.

176.   It is admitted that Deirdre Hall, Mr. Hall, Mr. Kimball and Mrs. Kimball met at Reeds Pond

to discuss the allegations against Mr. Chiocca.  It is denied that this meeting occurred on

May 19, 2018.  As to whether Mrs. Kimball reiterated the conversation she had with Mr.

Kimball on May 4, 2018 that they could not let their relationship be leaked to the public,

Deirdre Hall has insufficient knowledge or information upon which to form a belief and

therefore leaves the Plaintiff to his proof. As to whether Mr. and Mrs. Kimball did not want

their family's reputation to be ruined, Deirdre Hall has insufficient knowledge or

information upon which to form a belief and therefore leaves the Plaintiff to his proof. The remainder of Paragraph 176 is denied.

177.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

178.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

179.    It is admitted that Mr. Chiocca was placed on administrative leave.  The remainder of Paragraph 179 references a document which speaks for itself.

180.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.  Furthermore, Paragraph 180 references a document which speaks for itself.

181.   Admitted; however, Paragraph 181 references a written document which speaks for itself.

182.   Paragraph 182 references a written document which speaks for itself.

183.   Denied.

184.   Denied.

185.   Denied.

186.   Denied.

187.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

188.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof; however, Paragraph 188 references a written document which speaks for itself.

189.  Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof; however, Paragraph 188 references a written document which speaks for itself.

190.  Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

191.  Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

192.  Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

193.  Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

194.  Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

195.  Admitted.

196.  Denied.

197.  Denied.

198.  Denied.

199.  Denied.

200.  Admitted.

201.  Admitted.

202.  It is admitted that on June 13, 2018 Defendant Hall filed suit in Plymouth County Superior Court against the Town of Rockland and related parties.  It is further admitted that the suit

was filed during Attorney Ryan's investigation.   The remainder of Paragraph 202 references a written document which speaks for itself.

203.   Denied.

204.   Admitted.

205.   Admitted.

206.   Paragraph 206 references a written document which speaks for itself.

207.   Denied.

208.   Denied.

209.   Paragraph 209 references a written document which speaks for itself.

210.   The portion of Paragraph 210 which states, "knowing that it was frivolous" is denied.  The remainder of Paragraph 210 is admitted.

211.   Admitted.

212.   Paragraph 212 references a written document which speaks for itself.

213.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

214.   Denied.

215.   Denied.

216.   Denied.

217.   Admitted.

218.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

219.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

220.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

221.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

222.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

223.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

224.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

225.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

226.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

227.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

228.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

229.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

230.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

231.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

232.   Defendant Hall denies that Attorney Ryan's investigation and Report was incredibly thorough.   As to the remainder of Paragraph 232, Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.   Further, Paragraph 232 references a written document which speaks for itself.

233.   Defendant Hall objects to the portion of Paragraph 233 which states, "based on what Ms. Hall reported to her husband and what was reported by Mr. Chiocca," as well as the portion which states, "Further, when she arrived home within minutes of leaving Mr. Chiocca, she never expressed concern about the fact that she had sexual relations with him and did not exhibit any signs to her husband of being upset. Further, Ms. Hall was capable of engaging in coherent discussions with her husband for approximately one hour when she got home and the subjects that they covered that evening spanned from her extramarital affair with Mr. Kimball, their son's neurological appointment, her husband calling in sick from work and other topics" because these allegations contain marital communications, and thus, no response is required based upon the marital disqualification rule. As to the remainder of Paragraph 233, the written investigation report speaks for itself; however, Defendant Hall denies many of its factual findings, as well as the conclusions reached within the report which finds that Mr. Chiocca did not engage in inappropriate conduct and that Deirdre Hall engaged in inappropriate conduct.

234.   The written investigation report speaks for itself; however, Defendant Hall denies many of its factual findings, as well as the conclusions reached within the report which finds that

Mr. Chiocca did not engage in inappropriate conduct and that Deirdre Hall engaged in inappropriate conduct.

235. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

236. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

237. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

238. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

239. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

240. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

241. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

242. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

243. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

244. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

245.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

246.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

247.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

248.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

249.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

250.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

251.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

252.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

253.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

254.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

255.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

256. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

257. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

258. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

259. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

260. It is admitted that Defendant Hall had resigned from the BOS.  As to the remainder of Paragraph 260, Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

261. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

262. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

263. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

264. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

265. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

266. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

267.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

268.   Deirdre Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.  Further, Paragraph 268 references a document which speaks for itself.

269.   The written investigation report speaks for itself; however, Defendant Hall denies many of its factual findings, as well as the conclusions reached within the report which finds that Mr. Chiocca did not engage in inappropriate conduct and that Deirdre Hall engaged in inappropriate conduct.

270.   The written investigation report speaks for itself; however, Defendant Hall denies many of its factual findings, as well as the conclusions reached within the report which finds that Mr. Chiocca did not engage in inappropriate conduct and that Deirdre Hall engaged in inappropriate conduct.

271.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

272.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

273.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

274.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof. Furthermore, Paragraph 274 references a document which speaks for itself.

275.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof. Furthermore, Paragraph 275 references a document which speaks for itself.

276.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof. Furthermore, Paragraph 276 references a document which speaks for itself.

277.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

278.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

279.    As to whether Attorney Ryan found that Mr. Chiocca was honest and credible, Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.  The remainder of Paragraph 279 is denied.

280.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

281.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

282.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

283.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof. Furthermore, Paragraph 283 references a written document which speaks for itself.

284. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

285. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

286. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

287. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

288. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

289. Denied.

290. It is denied that Mr. Chiocca was an innocent victim.  As to the remainder of Paragraph 290, Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

291. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

292. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

293. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

294. Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

295.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

296.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

297.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

298.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

299.    Denied.

300.    Admitted.

301.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

302.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

303.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

304.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

305.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

306.    Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

307.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

308.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

309.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

310.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

311.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

312.   Paragraph 312 references a written document which speaks for itself.

313.   Paragraph 313 references a written document which speaks for itself.

314.   Paragraph 314 references a written document which speaks for itself.

315.   Defendant Hall has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiff to his proof.

316.   Admitted.

317.   Paragraph 317 references a written document which speaks for itself.

318.   Denied.

319.   Denied.

## **CAUSES OF ACTION**

### **COUNT 1**

(Violation of Mass. Gen. Laws c. 151B, § 4(1) and 4(16A) – Quid Pro Quo Sexual
Harassment, Hostile work Environment, Unlawful Suspension,
Constructive Discharge and Wrongful Termination)
(Against the Town of Rockland and Deirdre Hall individually)

320.    Defendant Hall incorporates her responses to Paragraphs 1-319 as stated above as if fully set forth herein.

321.    Denied.

322.    Denied.

## COUNT 2
(Violation of Mass. Gen. Laws c. 151B, § 4(4) – Retaliation, Unlawful Suspension, Constructive Discharge and Wrongful Termination)
(Against all Defendants)

323.    Defendant Hall incorporates her responses to Paragraphs 1-322 as stated above as if fully set forth herein.

324.    Denied.

325.    Denied.

## COUNT 3
(Violation of Mass. Gen. Laws c. 151B, § 4(4A) – Coercion or Interference with 151B, Rights, Unlawful Suspension, Constructive Discharge, and Wrongful Termination)
(Against all individual Defendants)

326.    Defendant Hall incorporates her responses to Paragraphs 1-325 as stated above as if fully set forth herein.

327.    Denied.

328.    Denied.

## COUNT 4
(Violation of Mass. Gen. Laws c. 151B, § 4(5) – (Aiding and Abetting, Constructive Discharge and Wrongful Termination)
(Against all Defendants)

329.    Defendant Hall incorporates her responses to Paragraphs 1-328 as stated above as if fully set forth herein.

330.    Denied.

331.    Denied.

## COUNT 5
(Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. – Quid
Pro Quo Sexual Harassment, Hostile Work Environment,
Unlawful Suspension, Constructive Discharge, and Wrongful Termination)
(Against the Town of Rockland)

332.   Defendant Hall incorporates her responses to Paragraphs 1-331 as stated above.

333.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is

necessary.

334.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is

necessary.

## COUNT 6
(42 U.S.C. § 1983 – Sexual Harassment in Violation of the Equal Protection Clause)
(Against Mrs. Hall)

335.   Defendant Hall incorporates her responses to Paragraphs 1-334 as stated above as if fully

set forth herein.

336.   Denied.

337.   Denied.

## COUNT 7
(42 U.S.C. § 1983 – Post-Investigation Retaliation in violation of
The Equal Protection Clause)
(Against Mr. Kimball, Mr. Ryan, Mr. Mullen, Mr. O'Loughlin, Mr. Penney
and Ms. Nyman)

338.   Defendant Hall incorporates her responses to Paragraphs 1-337 as stated above as if fully

set forth herein.

339.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is

necessary.

340.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is

necessary.

341.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

## COUNT 8
(42 U.S.C. § 1983 – Post-Investigation Retaliation in violation of
The Equal Protection Clause
(Against the Town of Rockland)

342.   Defendant Hall incorporates her responses to Paragraphs 1-341 as stated above as if fully set forth herein.

343.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

344.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

345.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

346.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

## COUNT 9
(42 U.S.C. § 1983 – Violation of Substantive Due Process (Property Interest – Continued
Employment/Lost Raise – Constructive Discharge
(Against Mrs. Hall, Mr. Kimball, Mr. Ryan, Mr. Mullen, and Mr. O'Loughlin)

347.   Defendant Hall incorporates her responses to Paragraphs 1-346 as stated above as if fully set forth herein.

348.   Denied.

349.   Denied.

350.   Denied.

## COUNT 10
(42 U.S.C. § 1983 – Violation of Substantive Due Process (Property Interest – Continued
Employment/Lost Raise – Constructive Discharge

(Against the Town of Rockland)

351.   Defendant Hall incorporates her responses to Paragraphs 1-350 as stated above as if fully set forth herein.

352.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

353.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

354.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

355.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

## COUNT 11
(42 U.S.C. § 1983 – Violation of Substantive Due Process (Liberty Interest – Reputation
(Against all Individual Defendants)

356.   Defendant Hall incorporates her responses to Paragraphs 1-355 as stated above as if fully set forth herein.

357.   Denied.

358.   Denied.

359.   Denied.

360.   Denied.

## COUNT 12
(42 U.S.C. § 1983 – Violation of Substantive Due Process (Liberty Interest – Reputation)
(Against the Town of Rockland)

361.   Defendant Hall incorporates her responses to Paragraphs 1-360 as stated above as if fully set forth herein.

362.    Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

363.    Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

364.    Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

365.    Because this Count is not pled against Defendant Hall, no answer by Defendant Hall necessary.

366.    Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

**COUNT 13**
(42 U.S.C. § 1983 – Deprivation of Procedural Due Process (Property Interest – Pre-Investigation Suspension without Notice and Hearing
(Against Mr. Kimball, Mr. Ryan, Mr. Mullen, and Mr. O'Loughlin)

367.    Defendant Hall incorporates her responses to Paragraphs 1-366 as stated above as if fully set forth herein.

368.    Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

369.    Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

370.    Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

**COUNT 14**
(42 U.S.C. § 1983 – Deprivation of Procedural Due Process (Property Interest – Pre-Investigation Suspension without Notice and Hearing
(Against the Town of Rockland)

371.   Defendant Hall incorporates her responses to Paragraphs 1-370 as stated above as if fully set forth herein.

372.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

373.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

374.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

375.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

## **COUNT 15**
(42 U.S.C. § 1983 – Deprivation of Procedural Due Process (Property Interest – Post-Investigation Termination via Constructive Discharge without Notice and Hearing (Against Mrs. Hall, Mr. Kimball, Mr. Ryan, Mr. Mullen, and Mr. O'Loughlin)

376.   Defendant Hall incorporates her responses to Paragraphs 1-375 as stated above as if fully set forth herein.

377.   Denied.

378.   Denied.

379.   Denied.

## **COUNT 16**
(42 U.S.C. § 1983 – Deprivation of Procedural Due Process (Property Interest – Post-Investigation Termination via Constructive Discharge without Notice and Hearing (Against the Town of Rockland)

380.   Defendant Hall incorporates her responses to Paragraphs 1-379 as stated above as if fully set forth herein.

381.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

382.    Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

383.    Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

384.    Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

## **COUNT 17**
(42 U.S.C. § 1983 – Deprivation of Procedural Due Process (Property Interest – Final Suspension without Notice and Hearing
(Against Mr. Ryan, Mr. Mullen, Mr. O'Loughlin, Mr. Penney and Ms. Nyman)

385.    Defendant Hall incorporates her responses to Paragraphs 1-384 as stated above as if fully set forth herein.

386.    Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

387.    Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

388.    Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

## COUNT 18
### (42 U.S.C. § 1983 – Deprivation of Procedural Due Process (Property Interest – Final Suspension without Notice and Hearing
### (Against the Town of Rockland)

389.  Defendant Hall incorporates her responses to Paragraphs 1-388 as stated above as if fully set forth herein.

390.  Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

391.  Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

392.  Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

393.  Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

## COUNT 19
### (42 U.S.C. § 1983 – Deprivation of Procedural Due Process (Liberty Interest – Reputation)
### (Against all Individual Defendants)

394.  Defendant Hall incorporates her responses to Paragraphs 1-393 as stated above as if fully set forth herein.

395.  Denied.

396.  Denied.

397.  Denied.

398.  Denied.

399.  Denied.

## COUNT 20
### (42 U.S.C. § 1983 – Violation of Substantive Due Process (Liberty Interest – Reputation)
### (Against the Town of Rockland)

400.   Defendant Hall incorporates her responses to Paragraphs 1-399 as stated above as if fully set forth herein.

401.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

402.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

403.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

404.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

405.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

406.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

### COUNT 21
(42 U.S.C. § 1985 – Conspiracy to Violate Civil Rights)
(Against Mrs. Hall and Mr. Kimball)

407.   Defendant Hall incorporates her responses to Paragraphs 1-406 as stated above as if fully set forth herein.

408.   Denied.

409.   Denied.

410.   Denied.

### COUNT 22
(42 U.S.C. § 1985 – Conspiracy to Violate Civil Rights)
(Against Mr. Ryan, Mr. Mullen, Mr. O'Loughlin, Mr. Penney and Mrs. Nyman)

411.    Defendant Hall incorporates her responses to Paragraphs 1-410 as stated above as if fully set forth herein.

412.    Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

413.    Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

414.    Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

**COUNT 23**
(42 U.S.C. § 1986 – Failure to Prevent 1985 Conspiracy)
(Against all Individual Defendants)

415.    Defendant Hall incorporates her responses to Paragraphs 1-414 as stated above as if fully set forth herein.

416.    Denied.

417.    Denied.

418.    Denied.

419.    Denied.

420.    Denied.

**COUNT 24**
(Breach of Contract – Suspension in Violation of Contract/Town Charter)
(Against the Town of Rockland)

421.    Defendant Hall incorporates her responses to Paragraphs 1-420 as stated above as if fully set forth herein.

422.    Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

423.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

424.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

## COUNT 25
(Breach of Contract – Constructive Discharge/Termination in Violation of
Contract/Town Charter)
(Against the Town of Rockland)

425.   Defendant Hall incorporates her responses to Paragraphs 1-424 as stated above as if fully set forth herein.

426.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

427.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

428.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

## COUNT 26
(Breach of Implied Covenant of Good Faith and Fair Dealing)
(Against the Town of Rockland)

429.   Defendant Hall incorporates her responses to Paragraphs 1-428 as stated above as if fully set forth herein.

430.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

431.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

432.    Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

## COUNT 27
(Libel)
(Against Mrs. Hall)

433.    Defendant Hall incorporates her responses to Paragraphs 1-432 as stated above as if fully set forth herein.

434.    Denied.

435.    Denied.

## COUNT 28
(Slander)
(Against Mrs. Hall)

436.    Defendant Hall incorporates her responses to Paragraphs 1-435 as stated above as if fully set forth herein.

437.    Denied.

438.    Denied.

## COUNT 29
(Libel)
(Against Mr. O'Loughlin)

439.    Defendant Hall incorporates her responses to Paragraphs 1-438 as stated above as if fully set forth herein.

440.    Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

441.    Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

## COUNT 30
(Libel)
(Against Mr. Ryan)

442.   Defendant Hall incorporates her responses to Paragraphs 1-441 as stated above as if fully set forth herein.

443.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

444.   Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

## COUNT 31
(Battery)
(Against Mrs. Hall)

445.   Defendant Hall incorporates her responses to Paragraphs 1-444 as stated above as if fully set forth herein.

446.   Denied.

447.   Denied.

## COUNT 32
(Malicious Prosecution)
(Against Mrs. Hall)

448.   Defendant Hall incorporates her responses to Paragraphs 1-447 as stated above as if fully set forth herein.

449.   Denied.

450.   Denied.

## COUNT 33
(Intentional Infliction of Emotional Distress)
(Against Mrs. Hall)

451.   Defendant Hall incorporates her responses to Paragraphs 1-450 as stated above as if fully set forth herein.

452.    Denied.

453.    Denied.

## COUNT 34
(Intentional Infliction of Emotional Distress)
(Against Mr. Kimball)

454.    Defendant Hall incorporates her responses to Paragraphs 1-453 as stated above as if fully set forth herein.

455.    Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

456.    Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

## COUNT 35
(Intentional Infliction of Emotional Distress)
(Against Mr. Ryan, Mr. Mullen, Mr. O'Loughlin, Mr. Penney and Ms. Nyman)

457.    Defendant Hall incorporates her responses to Paragraphs 1-456 as stated above as if fully set forth herein.

458.    Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

459.    Because this Count is not pled against Defendant Hall, no answer by Defendant Hall is necessary.

## COUNT 36
(Intentional Interference with Contractual Relations)
(Against all Individual Defendants)

460.    Defendant Hall incorporates her responses to Paragraphs 1-459 as stated above as if fully set forth herein.

461.    Denied.

462.    Denied.

## COUNT 37
### (Intentional Interference with Advantageous Relations)
### (Against all Individual Defendants)

463.    Defendant Hall incorporates her responses to Paragraphs 1-462 as stated above as if fully

set forth herein.

464.    Denied.

465.    Denied.

## AFFIRMATIVE DEFENSES

First Affirmative Defense

With respect to each and every claim made against Defendant Hall, the Plaintiff fails to

state a claim upon which relief can be granted.

Second Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity.

Third Affirmative Defense

Defendant Hall is protected from liability under the First Amendment to the United States

Constitution, Part 1, Art. XVI of the Massachusetts Constitution and/or Part 1, Art. XIX of the

Massachusetts Constitution.

Fourth Affirmative Defense

The Plaintiff's claims are barred by the doctrine of unclean hands.

Fifth Affirmative Defense

The Plaintiff's claims are barred by the doctrine(s) of waiver, accord and satisfaction,

payment, and/or expiration of contract.

Sixth Affirmative Defense

The Plaintiff is not entitled to punitive damage because Defendant Hall did not act with malice or with reckless indifference required to sustain an award of punitive damages.

Seventh Affirmative Defense

If the Plaintiff suffered injuries or damages as alleged, which Defendant Hall denies, such injuries or damages were caused by someone for whose conduct Defendant Hall cannot be held responsible.

Eighth Affirmative Defense

Plaintiff's claim against Defendant Hall fail, in whole or in part, because Defendant Hall was neither a decisionmaker nor involved in the decisions regarding Plaintiff's alleged adverse employment action during certain material times.

Ninth Affirmative Defense

Plaintiff fails to state a prima facie case of sexual harassment.

Tenth Affirmative Defense

Plaintiff fails to state a prima facie case of retaliation.

Eleventh Affirmative Defense

Plaintiff did not engage in protected conduct, and therefore, he cannot recover for retaliation.

Twelfth Affirmative Defense

No causal connection existed between Plaintiff's protected conduct (if any) and any alleged adverse employment action by Defendant Hall, and thus, the Plaintiff cannot recover for retaliation.

Thirteenth Affirmative Defense

The Plaintiff cannot establish any underlying violations of Mass. Gen. Laws c. 151B; accordingly, Plaintiff's aiding and abetting claim fails.

Fourteenth Affirmative Defense

The Plaintiff was not deprived of any rights protected under any federal or state constitution or statute, and thus, is not entitled to recovery.

Fifteenth Affirmative Defense

The Plaintiff fails to allege a conspiracy with adequate specificity, and thus, is not entitled to recovery.

Sixteenth Affirmative Defense

If the Plaintiff was deprived of any rights (which Defendant Hall denies), the Plaintiff had adequate post-deprivation remedies and, therefore, cannot recover.

Seventeenth Affirmative Defense

Defendant Hall is protected from liability under doctrines of absolute privilege, conditional privilege, or qualified privilege.

Eighteenth Affirmative Defense

Defendant Hall is protected from liability for defamation under the fair report privilege.

Nineteenth Affirmative Defense

Defendant Hall's statements were and continue to be true.

Twentieth Affirmative Defense

Defendant Hall's statements were matter of opinion or fair comment on a matter of public interest.

Twenty-first Affirmative Defense

The Plaintiff was a public figure/official who cannot prove that Defendant Hall's statement(s) were published with actual malice, nor can he prove, by clear and convincing evidence, that the Defendant Hall knowingly or recklessly published the alleged defamatory statement(s).

Twenty-second Affirmative Defense

Defendant Hall's actions, conduct and statements were protected by law and/or legal process, and thus, Plaintiff cannot recover.

Twenty-third Affirmative Defense

Defendant Hall's actions, conduct and statements were protected by any applicable legislative privilege, deliberative process privilege and/or other governmental privileges or immunities.

Twenty-fourth Affirmative Defense

Defendant Hall's alleged interference with Plaintiff's contract (if any) was not guided by improper motives or means, and therefore, Plaintiff cannot recover.

Twenty-fifth Affirmative Defense

At certain material times, Defendant Hall was a member of the Rockland Board of Selectmen and thus would be indistinguishable from Plaintiff's employer and/or supervisor, and therefore, could not be held liable for tortious interference with Plaintiff's contract.

Twenty-sixth Affirmative Defense

Plaintiff fails to identify and relate specific instances where persons situated similarly in all relevant aspects were treated differently and, therefore, cannot recover under the Equal Protection Clause.

Twenty-seventh Affirmative Defense

Plaintiff fails to adequately allege a liberty interest.

Twenty-eighth Affirmative Defense

Plaintiff fails to allege conduct on the part of Defendants that shocks the conscience and, therefore, cannot establish a Substantive Due Process violation.

Twenty-ninth Affirmative Defense

Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 fail because Plaintiff cannot prove that Defendant Hall's conduct was motivated by a protected class.

Thirtieth Affirmative Defense

Defendant Hall's actions, conduct and statements were not sufficiently stigmatizing.

Thirty-first Affirmative Defense

Plaintiff has failed to mitigate his damages.

Thirty-second Affirmative Defense

Plaintiff was acting beyond the scope of his duties as Town Administrator as provided in Article II § C-2.19 of the Town Charter.

Thirty-third Affirmative Defense

Plaintiff's Complaint fails to contain a short and plain statement of Plaintiff's claims for relief within the meaning of Fed. R. Civ. P. 8(a)(2). Therefore, Plaintiff's Complaint should be dismissed under Fed. R. Civ. P. 41(b).

WHEREFORE, Defendant, Deirdre Hall, respectfully requests that Plaintiff's Complaint be dismissed, with prejudice, and the Court award such other and further relief, at law or in equity.

**JURY DEMAND**

Defendant, Deirdre Hall, demands a trial by jury.

DEFENDANT,
DEIRDRE HALL

By_____/s/ Cindy M. Cieslak_____
    Cindy M. Cieslak
    B.B.O. # 685498
    Rose Kallor, LLP
    750 Main Street, Suite 1108-3
    Hartford, CT  06103
    (860) 361-7999
    (860) 270-0710 (fax)
    ccieslak@rosekallor.com

### CLAIMS IN COUNTER-CLAIM BY COUNTER-CLAIM PLAINTIFF DEIRDRE HALL AGAINST COUNTER-CLAIM DEFENDANT ALLAN CHIOCCA

## I.   PARTIES

1.   Counter-Claim Plaintiff Deirdre Hall ("Ms. Hall") is a resident of Rockland, Massachusetts.  She was an elected member of the Rockland, Massachusetts Board of Selectmen from approximately April 2017 – July 2018.

2.   Counter-Claim Defendant Allan Chiocca ("Mr. Chiocca") is a resident of Bridgewater, Massachusetts.   He served as the Town Administrator for the Town of Rockland, Massachusetts from approximately June 2008 – June 2019.

## II.   JURISDICTION

3.   The Court has supplemental jurisdiction over these state law counter-claims pursuant to 28 U.S.C. §1367.

## III.   RELEVANT FACTS

4.   Mr. Chiocca was hired as the Rockland, Massachusetts Town Administrator in or around March 2008.  His current contract was for a three-year term which ended June 30, 2019.

5.   Ms. Hall graduated Summa Cum Laude from the University of Massachusetts Boston in 2004.  She graduated from the New England School of Law in 2008.  From 2010 to 2017, she served as Assistant City Solicitor and Legal Counsel for the city of Quincy, Massachusetts.   During the course of her legal career, Ms. Hall gained significant experience in municipal and administrative law as well as a keen familiarity with the day-to-day operations of municipalities.

6.    In 2017, Ms. Hall ran for a seat on the Board of Selectmen ("the Board") in the Town of Rockland, Massachusetts ("the Town"), where she resides.  She was elected and assumed her seat as a Selectwoman on the Board in April of 2017.

7.    The Board typically has five members.  From April of 2017 to June of 2018, the Board members were Edward Kimball, Chairman ("Mr. Kimball"); Ms. Hall, Vice Chairman; Larry Ryan ("Mr. Ryan"); Michael Mullen, Jr. ("Mr. Mullen"); and Michael O'Loughlin ("Mr. O'Loughlin").  In or around April of 2018, Ms. Hall was elected by the Board to serve as its Vice Chair.

8.    In her position as a Selectwoman, Ms. Hall engaged in meaningful oversight of the Town's operations, as was her obligation.  On occasion, this approach to her duties required her to examine critically the practices of the Town's personnel, including the decisions made and oversight exercised by the Town Administrator Mr. Chiocca.

9.    In or around the spring of 2018, Mr. Chiocca and the Board began discussing a potential raise and contract extension on Mr. Chiocca's contract.  The extension of Mr. Chiocca's contract required at least a majority vote of the Board.

10.   In the course of their discussions, certain Board members expressed dissatisfaction with Mr. Chiocca's job performance, including without limitation, his tendency to overstep his authority and make policy decisions that were appropriately within the purview of the Board, as well as his failure to demonstrate appropriate oversight on various matters involving the Town's finances and the payment of wages to various municipal employees.

11.   During the course of Board discussions regarding Mr. Chiocca's performance in April of 2018, Ms. Hall proposed that the Board review his past performance and provide him with guidance regarding policy priorities that was to guide his work going forward.

12.     On information and belief, Mr. Chiocca was aware that Ms. Hall had concerns about his performance and the Board's ability to direct his activities appropriately going forward.  In light of her municipal experience, Mr. Chiocca was concerned that – unless politically marginalized or removed from office – her oversight of the Town could pose a challenge to the relatively unfettered authority he had historically enjoyed as Town Administrator.

13.     On May 1, 2018, the Board conducted its monthly meeting.

14.     Ms. Hall and Mr. Chiocca were both in attendance.

15.     Ms. Hall chaired the meeting, after which Mr. Chiocca asked Ms. Hall to join him for a drink at a local pub, the Rockland Bar & Grill, where Town employees as well as Board members often gathered.

16.     During the meeting, Ms. Hall had received personally devastating news that might be difficult for her family.  The news involved her private, intimate relationship with the Chair of the Board of Selectman, which she learned had just been discovered by his wife, who threatened to make that relationship public.  Ms. Hall decided to go to the pub prior to confronting her family situation at home.

17.      When Ms. Hall arrived at the pub, Mr. Chiocca had already arrived and a glass of wine awaited her.

18.     The two spoke about matters personal and matters involving the Town over the course of a few hours, with Ms. Hall consuming wine (around three to five glasses) as they sat together.

On information and belief, they left at about 11pm.  Also, on information and belief, Mr. Chiocca was well aware, at the time they left the pub, that Ms. Hall was too inebriated to drive herself home.  He offered to take her, to which Ms. Hall agreed.

19.     Yet once Ms. Hall was in Mr. Chiocca's vehicle, he did not take her home.  Instead, on information and belief, he stopped at another bar and suggested that they go in for more drinks.  When Ms. Hall declined and expressed a preference for going home, Mr. Chiocca informed her that he needed to stop by Town Hall before taking her home.

20.     On information and belief, although Mr. Chiocca would later claim that it was his intention simply to use the facilities at Town Hall prior to going home, that was not his intent.

21.     On information and belief, well aware that Ms. Hall was highly intoxicated, Mr. Chiocca led her into Town Hall in the hope of getting her into a compromising situation, taking advantage of her disoriented state and then setting her up so that he could use that circumstance to secure his employment situation.

22.     Ms. Hall followed Mr. Chiocca towards Town Hall.  Her gait was uneven as she walked and, reflecting her inebriated state, she stumbled on the way.  Mr. Chiocca used his own key and personal alarm code to enter Town Hall.

23.     Once in the building, Ms. Hall herself went into the restroom and then fell, dizzy from the consumption of alcohol during the evening.  She was slightly disoriented and distressed when she left the restroom.

24.     Ms. Hall then told Mr. Chiocca twice that she needed to go home.

25.     Initially, Mr. Chiocca appeared to relent to Ms. Hall's wishes.  He exited the building with a shaky Ms. Hall but then, as she headed to his vehicle, he called her back into the building.  Mr. Chiocca stood at the door, holding it open, calling to her and waiting for her return.  Slightly disoriented, Ms. Hall obliged.

26.     Mr. Chiocca led Ms. Hall to his office.

27.  On information and belief, he intended to get Ms. Hall even more intoxicated so that he could take advantage of her.

28.  After arriving in Mr. Chiocca's office, Ms. Hall put her head on the table.  She was exhausted, distressed and intoxicated.  She realized that she had left her purse in the restroom.

29.  Mr. Chiocca left the office, then went out to his vehicle where he retrieved what he needed to execute on his plan: a cork screw to open up the bottle of wine.  Only then did he retrieve her purse.

30.  Mr. Chiocca was well aware of the placement of video cameras around Town Hall.

31.  Although unsuccessful, he tried to tuck the cork screw up his sleeve so that it would not be captured on video.  He also knew full well that there were no cameras in his office.

32.  Yet video does capture some of what occurred that evening:  The images confirm that Ms. Hall was in a disoriented state, and asked to return home.

33.  The images also confirm that it was Mr. Chiocca who called Ms. Hall back into Town Hall.

34.  The images capture Mr. Chiocca's leaving Town Hall with Ms. Hall in his office, his heading out to his vehicle and his returning to his office with a cork screw in his hand.

35.  Once back in office, Mr. Chiocca pulled out a bottle of wine from a personal stash and poured a glass of wine for Ms. Hall.  The wine spilled.

36.  Mr. Chiocca then told Ms. Hall something along the lines of, "When I was a State Representative, we would have taken care of this with a blow job and contract."

37.  Mr. Chiocca then asked Ms. Hall if she "wanted to suck his cock."  Although quite inebriated, she told him "no" and did not consent to what happened next.

38.  Mr. Chiocca ignored her protests.

39.   Mr. Chiocca grabbed Ms. Hall's head and forcibly put her face in his crotch, inserting his penis in her mouth.  She stopped resisting him at this point.

40.   While Mr. Chiocca has claimed that he serviced Ms. Hall sexually, that is false.

41.   After Ms. Hall was forced to sexually service Mr. Chiocca, he told her that they needed to leave.  Mindful of the cameras located in Town Hall, before they left the room, Mr. Chiocca barked at Ms. Hall that she needed "to pull her shit together."

42.   Ms. Hall left Mr. Chiocca's office in a distressed state, unstable on her feet. Given what had occurred, she tried to drink some water to clean herself up.  She was shaken.  Mr. Chiocca then directs her out of Town Hall and back to his vehicle.

43.   From the time Mr. Chiocca exited his vehicle at Town Hall to the time he directed Ms. Hall back into that vehicle, Mr. Chiocca himself was not intoxicated.

44.   Images capturing his movement show a person in control.  He is alert and stable on his feet. As he directed Ms. Hall back into his vehicle, there is no indication of distress or uncertainty.

45.   Despite Ms. Hall's inebriated state, rather than taking her home, Mr. Chiocca deposited her back at the pub where the two had initially met.

46.   He then left her to get herself home.

47.   Ms. Hall does not remember driving herself home, although she must have.

48.   After Mr. Chiocca's final comments to her at Town Hall, her next memory is waking up around 6:30am at home the next morning.

49.   On the morning of May 2, 2018, Ms. Hall had a sense that something had happened the night before that she was blocking from her memory.

50.  Ms. Hall is a survivor of sexual assault.  While abroad in college, she was sexually assaulted by a stranger and testified against her assailant at trial.  The trauma to her was significant and has resulted in long-term anxiety, panic attacks and post-traumatic stress disorder.  As a result of that experience and the trauma it caused, Ms. Hall initially repressed memories of the May 1, 2018 event.

51.  In the morning of May 2, 2018, Ms. Hall reached out to speak with Mr. Chiocca prior to a election recount she had at Town Hall.

52.  When they met, Ms. Hall was focused on whether or not she had informed Mr. Chiocca of her intimate relationship with Mr. Kimball.  She asked Mr. Chiocca whether she had told him about the relationship with Mr. Kimball.  He indicated that she had and he agreed to be discrete about the news.  At this time, Ms. Hall had repressed her memories of much of what had happened the night before.

53.  Ms. Hall also told Mr. Chiocca that she remembered that they had gone to Town Hall because she had a memory of his punching in the security code that would disable the building alarm.  He then began talking about the night before, referring to Ms. Hall as "the aggressor."  Ms. Hall strained to remember what had occurred and, over time, has done so.  As he spoke, she began to remember what had occurred.  She was shaken, embarrassed and traumatized by the memories as they began to return.  As she was walking out of the office, Mr. Chiocca said "thank you for the birthday present," with a smirk on his face.

54.  On information and belief, Mr. Chiocca recognized that he could use the events of the night before to put himself back in the driver's seat, marginalize those who had been calling for closer scrutiny of the operations at Town Hall and secure his ongoing employment.

55. On May 2, 2018, for instance, he used personal information about the Town's Board Chair to recommend that the Chair step down from his position on the Board of Selectmen.  As for Ms. Hall, although he in fact continued to work with Ms. Hall, he began setting the stage for a bogus complaint against her, hoping that her memory failure would permit him with total impunity to make false and defamatory statements to others about what had occurred.

56. To set this up, Mr. Chiocca cynically began spinning tales to colleagues about his purported hesitation about working directly with Ms. Hall although his conduct did not reflect discomfort at all.

57. On or around May 4, 2018, Mr. Chiocca and Ms. Hall met once again.  Again, Mr. Chiocca spoke of events on May 1, 2018.  Again, he mockingly suggested that Ms. Hall was the aggressor, and specifically referenced a sexual encounter.  Ms. Hall denied his allegations and initiating any sexual contact with him.  She was shaken by his mocking tone and clear desire to use his description of events to embarrass her and exert control over her.

58. Still, in light of her past, she tried simply to move past that evening without delving deeply into her memory of what had occurred.

59. For the next week or so, Ms. Hall was troubled about events that had occurred, but tried to move past them and go about her usual activities, including conducting Town business.  In light of the upcoming annual Town Meeting, Ms. Hall's duties took her to Town Hall frequently.

60. On May 7, 2018, the Board convened the Annual Town Meeting, after which Ms. Hall and Mr. Chiocca joined others for drinks.  Mr. Chiocca did nothing to avoid contact with Ms. Hall at that time.

61.   The next day, after a meeting with another Town employee, Mr. Chiocca met privately with Ms. Hall.  He made certain the door was shut and the blinds were down.  He then proceeded to ask Ms. Hall a litany of personal questions.  Ms. Hall was intimidated by his posture and his closeness to her and she tried to leave the office as quickly as possible after this strange interaction.

62.   On or around May 11, 2018, Town Counsel, John Clifford, communicated with the Board of Selectmen regarding the potential extension of Mr. Chiocca's contract.   He recommended that the Board discuss its concerns regarding Mr. Chiocca's performance and the priorities of various Board members for the Town Administrator prior to making a decision.

63.   Ms. Hall continued to fulfill her obligations as a Selectwoman including routine communications with Mr. Chiocca and Mr. Kimball.

64.   On or around May 15, 2018, the Board held a scheduled meeting.  As occurred from time to time, various selectmen disagreed on matters of public concern.  The Board went into Executive Session to discuss Mr. Chiocca's job performance and the Board's expectations and view of his role, should the Board extend his contract.

65.    The proposed contract extension was not subject to a vote on that evening although contract negotiations did take place during Executive Session.

66.   During this time, Ms. Hall had begun to think further about what had actually occurred on the night of May 1, 2018.  She spoke with Mr. Mullen, and then Mr. Kimball, about her concerns generally about what occurred that evening, although she continued to repress her memory as to much of the evening.

67.   On or around May 17, 2018, after she spoke with Mr. Kimball about her concerns that "something happened" with Mr. Chiocca the night of May 1st, Mr. Kimball phoned Mr. Chiocca.  Mr. Kimball told Mr. Chiocca that he had "received a very interesting phone call from a fellow Board member's husband."   According to Mr. Kimball, Mr. Chiocca immediately responded, "oh f---k, the tapes at RBG [Rockland Bar & Grill]."

68.   The following morning, Mr. Kimball informed the Town Counsel of Ms. Hall's concerns regarding the events of May 1, 2018.

69.   On information and belief, when confronted by Town Counsel and the Board Chair about what had transpired, Mr. Chiocca admitted to having sexual relations with Ms. Hall, but he falsely claimed that it was not he who initiated the contact. He falsely — and incredibly — asserted that it was Ms. Hall, in her highly inebriated and distressing state, who forced such relations upon him.

70.   Upon information and belief, Mr. Chiocca then told the Town Counsel and Board Chair that he would agree to retire.   Town Counsel indicated that he would have to put Mr. Chiocca on paid leave.  Mr. Chiocca did not want a mark on his record, so Town Counsel devised a plan that could assist Mr. Chiocca, allowing him to take vacation rather than be put out on administrative leave.

71.   The Town commissioned an investigation into the events of May 1 – 2, 2018.

72.   The investigation was directed by the Town's Counsel, a long-time friend and professional colleague of Mr. Chiocca's who had, himself, taken exception to Ms. Hall's questions regarding the Town's operations and who, on information and belief, was uncomfortable that he had to deal with a Board member who had herself served as counsel for another municipality.

73. The Town Counsel was also a witness to certain key meetings and privy to certain key conversations regarding Mr. Chiocca's allegations against Ms. Hall.

74. Mr. Chiocca intentionally made repeated false statements of fact in the context of the investigation, hoping to secure his position and damage Ms. Hall.

75. During the course of the investigation, Town Counsel and Mr. Chiocca continued to meet each other socially, including playing golf.

76. The purported investigation — directed by Mr. Clifford — resulted in a report issued in July of 2018. The report was partial, skewed and conducted in violation of the most fundamental privileges under Massachusetts law, showing either a woeful ignorance on the part of the investigator or intentional malfeasance. It failed to take into account in any way the impact that Ms. Hall's prior sexual assault would have had – and did have – on the repression of her memory of events on May 1-2, 2018.

77. Upon reading the report, the false statements made by Mr. Chiocca and accepted by the investigator, Ms. Hall became deeply distressed. She was hospitalized.

78. Her counsel attended the Board meeting of July 10, 2018 in her stead.

79. During the Executive Session, Ms. Hall, through her attorney, tendered her resignation as a Selectman.

80. Mr. Chiocca's darkly violent plan had worked. He was cleared of sexual harassment, and Ms. Hall – solely – was blamed for the events of May 1 and May 2, 2018.

81. The Board then voted to release a brief two-line summary of the Ryan Report - aware of its obligation to balance individuals' rights to privacy against the public's right to disclosure. All participants in the meeting, understanding that the Ryan Report contained

highly sensitive, personal information about Ms. Hall and others that were unnecessary to the disposition of the matter, agreed to hold the full report in confidence.

82.     Yet within an hour of that agreement in Executive Session, Mr. Chiocca, through his counsel, released the full Ryan Report to the media.   The released report made Mr. Chiocca's intention in providing to the press clear: Private information relating to Mr. Chiocca had been redacted, while highly sensitive information regarding Ms. Hall – and her family – was available for public consumption.

83.     The release of the report, as Mr. Chiocca on information and belief anticipated, had a devastating impact on Ms. Hall and her family.  The unwanted attention and harassment of her family has significantly increased her emotional distress, which she continues to suffer.

84.     It has compounded the damage done to Ms. Hall by the assault itself and had contributed to her fear of men in particular, and, as a safety measure, she has had cameras installed in her home.

85.     Since the release of the report, Mr. Chiocca has repeated directly and through his counsel defamatory and malicious statements about Ms. Hall.

86.     Ms. Hall has suffered and continues to suffer significant emotional distress, physical harm and harm to her reputation based upon Mr. Chiocca's conduct and statements which have additionally caused her and will continue to cause her significant economic harm.

## COUNT I
## Sexual Harassment
## M.G.L. c. 214, § 1C

87.     Counter-Claim Plaintiff Deirdre Hall incorporates all other allegations in paragraphs 1 through 86 by reference as if realleged herein.

88.  Counter-Claim Defendant Allan Chiocca's unwelcomed sexual assault of Deirdre Hall constituted sexual harassment.  His conduct after the assault, defaming her in sexualized terms, has continued the severe and pervasive harassment.

89.  M.G.L. c. 214, §1C provides that a person shall have the right to be free from sexual harassment, as defined in M.G.L. c. 151B and M.G.L. c.151C.

90.  M.G.L. c. c. 214, §1C further provides that the Superior Court shall have jurisdiction in equity to enforce this right and to award damages.

91.  Mr. Chiocca, through his conduct the night of May 1, 2019 and into the early hours of May 2, 2019, as enumerated above, has violated M.G.L. c. 214, §1C.

92.  Ms. Hall has suffered substantial damages as a result of Mr. Chiocca's conduct.

## COUNT II
### Assault & Battery

93.  Counter-Claim Plaintiff Deirdre Hall incorporates all other allegations in paragraphs 1 through 92 by reference as if realleged herein.

94.  Mr. Chiocca intentionally caused offensive contact with Ms. Hall through his sexual assault of her the night of May 1, and into the early hour of May 2, 2018, as enumerated above.

95.  Ms. Hall has suffered substantial damages as a result of Mr. Chiocca's conduct.

## COUNT III
### Invasion of Privacy
### M.G.L. c. 214, §1B/Public Disclosure of Private Facts

96.  Counter-Claim Plaintiff Deirdre Hall incorporates all other allegations in paragraphs 1 through 95 by reference as if realleged herein.

97.  Through his publication of private facts about Ms. Hall, her personal relationship with Mr. Kimball and her family, including without limitation his intentional disclosure of the investigative report to the media, intentionally revealing highly personal facts about Ms.

Hall and her family while redacting his own, Mr. Chiocca unreasonably, substantially and seriously interfered with Ms. Hall's privacy rights.

98.     Ms. Hall has suffered substantial damages as result of Mr. Chiocca's disclosure.

## COUNT IV
### Defamation

99.     Defendant and Plaintiff in Counterclaim Deirdre Hall incorporates all other allegations in paragraphs 1 through 98 by reference as if realleged herein.

100.    As described herein, Mr. Chiocca has caused the publication of false, disparaging, defamatory and materially misleading statements about Ms. Hall with the intent of damaging her professional and personal reputations by disclosing the Ryan Report to the media.

101.    He also caused the publication of false, disparaging, defamatory and materially misleading statements about Ms. Hall including statements about her alleged role in the sexual contact he in fact forced upon her on the evening of May 1. 2018, as well as statements made to others regarding her thereafter about her professional integrity, stating falsely that it was she who conditioned his contract extension upon her servicing him, which she did not do.

102.    Consequently, Ms. Hall has suffered, and continues to suffer damages arising from Mr. Chiocca's deliberate and reckless disregard for the statements' truth or falsity, including, but not limited to, her loss of professional opportunities, loss of personal and professional reputation, pain and suffering and severe emotional distress.

## COUNT V
### Tortious Interference with Advantageous Relations

103.    Counter-Claim Plaintiff Deirdre Hall incorporates all other allegations in paragraphs 1 through 102 by reference as if realleged herein.

104.    Ms. Hall had an advantageous relationship with the Town of Rockland.

105.    By his above-described conduct, Mr. Chiocca did knowingly, improperly, and malevolently, and without lawful justification, interfere with Ms. Hall's advantageous relations with the Town of Rockland and her constituents.

106.    Mr. Chiocca's intentional interference caused Ms. Hall to suffer damages including but not limited loss of professional opportunities, loss of personal and professional reputation, pain and suffering and severe emotional distress.

**COUNT VI**
**Intentional Infliction of Emotional Distress**

107.    Counter-Claim Plaintiff Deirdre Hall incorporates all other allegations in paragraphs 1 through 106 by reference as if realleged herein.

108.    Mr. Chiocca's actions in deliberately and intentionally setting Ms. Hall up, assaulting her while she was in a highly inebriated and distressed state, making false statements about her thereafter, designed to damage her emotionally and then publishing what he knew to be a false and partial investigative report to the media in a fashion designed to cause Ms. Hall pain and suffering and severe emotional distress.

109.    Ms. Hall has been subject to harassment, ridicule, and fear for herself and her family.

110.    Mr. Chiocca's conduct was extreme and outrageous and was intended to cause Ms. Hall distress and to cause her mental and emotional anguish.

111.    As a result, Ms. Hall has been and continues to be harmed and suffer damages.

## **PRAYER FOR RELIEF**

Wherefore, Defendant and Plaintiff in Counterclaim Deirdre Hall seeks damages for economic losses, emotional distress, loss of reputation and other consequential damages, as well as attorneys' fees and as costs, on all claims where such relief is allowable.  She further requests that this Court order all such other legal and equitable relief as just and proper.

Deirdre Hall,
By her attorney,


/s/ Ellen J. Zucker
Ellen J. Zucker, BBO# 568051
ezucker@ burnslev.com
Neerja Sharma, BBO# 654762
nsharma@ burnslev.com
BURNS & LEVINSON LLP
125 High Street
Boston, MA  02110
(617) 345-3000

## **CERTIFICATION**

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on August 30, 2019.

Adam J. Shafran, Esq.
Jonathon D. Friedmann, Esq.
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109

John Davis, Esq.
Jason W. Crotty, Esq.
Pierce, Davis & Perritano, LLP
10 Post Office Square
Suite 1100N
Boston, MA 02109

Ellen J. Zucker, Esq.
Neerja Sharma, Esq.
Burns & Levinson LLP
125 High Street
Boston, MA 02110

Howard Cooper, Esq.
Suzanne Elovecky, Esq.
Todd & Weld LLP
One Federal Street
Boston, MA 02110

      /s/ Cindy M. Cieslak
      Cindy M. Cieslak