## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**Allan Chiocca,**

        **Plaintiff**

    **v.**                         **Civ. A. No.:   1:19-cv-10482-WGY**

**The Town of Rockland, Deirdre Hall,**
**Edward Kimball, Larry Ryan,**
**Michael Mullen Jr., Michael O'Loughlin,**
**Richard Penney and Kara Nyman**

        **Defendants**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### PLAINTIFF ALLAN CHIOCCA'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR LEAVE TO SERVE INTERROGATORIES ON THE TOWN DEFENDANTS[1] IN EXCESS OF THE LIMITATIONS SET FORTH IN LOCAL RULE 26.1(c), AND TO COMPEL THE TOWN DEFENDANTS TO RESPOND TO SAID DISCOVERY

This is the Plaintiff Allan Chiocca's memorandum of law in support of his motion for leave to serve interrogatories on the Town Defendants in excess of the limitations set forth in Local Rule 26.1(c), and to compel the Town Defendants to respond to said discovery.[2]  For the reasons set forth herein, the Plaintiff's motion should be **ALLOWED**.

### INTRODUCTION

Mr. Chiocca's instant motion is being filed because the Town Defendants will not agree to allow the Plaintiff to serve up to 25 interrogatories on each Town Defendant.

---

[1] The Town Defendants refer to Defendants the Town of Rockland ("the Town"), Larry Ryan, Michael Mullen Jr., Michael O'Loughlin, Richard Penney and Kara Nyman.

[2] As far as Plaintiff can tell, Defendants Hall and Kimball do not take a position on this instant motion.

Instead, relying on Local Rule 26.1(c)[3], which at least one judge in this District[4] has ruled is unenforceable and substantially preempted by Fed. R. Civ. P. 26(b)(2), *see St. Paul Fire & Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP*, 217 F.R.D. 288, 289 (D. Mass. 2003), the Town Defendants argue that Mr. Chiocca should be limited to serving 25 interrogatories total on the six Town Defendants combined.

Such a result, even if Local Rule 26.1(c) is not preempted, would unfairly prejudice the Plaintiff as it would effectively limit him to just over four interrogatories per Town Defendant party (i.e. 25 interrogatories / 6 Town Defendant parties = 4.16). To avoid this prejudice that the Plaintiff would plainly suffer if the Town Defendants' position is endorsed, this Court should, consistent with the Federal Rules of Civil Procedure, grant Plaintiff leave to serve 25 interrogatories or less on each Town Defendant (and require each Town Defendant to respond thereto).

## **RELEVANT FACTS AND PROCEDURAL HISTORY**

This case substantially arises out of: 1) an incident which occurred on May 1st, 2018 (the "Incident") between the Plaintiff Allan Chiocca ("Mr. Chiocca" or "Plaintiff"), the Town's former Town Administrator, and the Defendant Deidre Hall ("Ms. Hall"), one of Mr. Chiocca's former supervisors and the former Vice Chairman of the Rockland Board of Selectman; and 2) the Town's and the Town officials'[5] subsequent handling of the issue.

---

[3] Local Rule 26.1(c) provides in relevant part, "[u]nless the judicial officer orders otherwise, the number of discovery events shall be limited for each side (or group of parties with a common interest) to 10 depositions, 25 interrogatories, 25 requests for admissions, and 2 separate sets of requests for production."

[4] As far as Plaintiff can tell, the only judge in this District to have addressed the issue.

[5] The Town Board of Selectmen was comprised of different individuals at various times relevant hereto. At the time of the Incident, the Board was comprised of Defendants Larry Ryan ("Ryan"), Michael

More specifically, following the May 1, 2018 Incident, the Town retained the company Discrimination and Harassment Solutions LLC/Attorney Regina Ryan ("Attorney Ryan") to conduct an independent investigation and prepare a report ("Ryan Report") detailing her findings and conclusions concerning the Incident. In no uncertain terms, Attorney Ryan completely exonerated Mr. Chiocca and found that he was a victim of Ms. Hall's quid pro quo sexual harassment. *See* Ryan Report, dkt. no. 33-4, p. 27 ("I find by a preponderance of the evidence that Ms. Hall was Mr. Chiocca's supervisor and she sought sexual relations in exchange for her vote on his contract extension and raise. As such, Ms. Hall sexually harassed Mr. Chiocca in violation of the Town's Sexual Harassment Policy on the night of the Incident"). Attorney Ryan concluded her report by recommending that the Town restore Mr. Chiocca to his position. *Id* at p. 29. ("With regard to Mr. Chiocca, I recommend that he be removed from administrative leave and returned to the position of Town Administrator for the Town . . . .").

Instead of following the recommendations of its own investigator, however, the Interim Board refused to reinstate Mr. Chiocca to his position and repeatedly defamed him, after which the Current Board voted to not renew his contract/constructively discharge his employment.

On March 14, 2019, after exhausting his remedies at the Massachusetts Commission Against Discrimination, Mr. Chiocca filed his instant Complaint in this

---

O'Loughlin ("O'Loughlin"), Michael Mullen ("Mullen"), Edward Kimball ("Kimball") and Ms. Hall (collectively the "Incident Board"). After the Ryan Report was completed, Hall and Kimball subsequently resigned, leaving the Board comprised of only Ryan, O'Loughlin and Mullen (collectively the "Interim Board"). Defendants Richard Penney ("Penney") and Kara Nyman were subsequently elected to the Board following Hall's and Kimball's resignation, and with Ryan, O'Loughlin, and Mullen, comprise the current Board (collectively the "Current Board"). The Town and the Current Board are represented by one group of attorneys, Hall is represented by another group, and Kimball by another.

matter. *See* dkt. no. 1. Mr. Chiocca's Complaint contains thirty-seven counts against various combinations of Defendants, and many against just one or two individual Defendants. *Id*. On August 30, 2019, Defendants Kimball and Hall filed separate Answers to Mr. Chiocca's Complaint and Counterclaims against Mr. Chiocca. *See* dkt. nos. 66 and 68. On October 28, 2019, Mr. Chiocca filed Amended Answers to Hall's and Kimball's Counterclaims and Crossclaims for indemnification against the Town. *See* dkt. nos. 85 and 86.

In all, Mr. Chiocca has 37 claims against the Defendants in the aggregate, Kimball has one counterclaim against Chiocca, Hall has six counterclaims against Chiocca, and Chiocca has two crossclaims against the Town.

On October 25, 2019, relying on *St. Paul Fire & Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP*, 217 F.R.D. 288 (D. Mass. 2003), Plaintiff served one set of interrogatories and one set of document requests on each of the eight Defendants, including the six Town Defendants.[6]  On October 28, 2019, counsel for the Town Defendants sent a letter to Plaintiff's counsel objecting to the individual written discovery requests pursuant to Local Rule 26.1(c). *See* Exhibit A attached hereto. Thereafter, counsel for the Plaintiff and Town Defendants engaged in the email correspondence concerning the issue, *see* Exhibit B, after which they had a conference call which resulted in a partial resolution of the issue.[7]

---

[6] The number of interrogatories that Plaintiff served on the Town Defendants is well below the 25-interrogatory limit per party. Specifically, he served 20 interrogatories on the Town, *see* Exhibit C, 21 interrogatories on Larry Ryan, *see* Exhibit D, 16 interrogatories on Michael Mullen Jr., *see* Exhibit E, 17 interrogatories on Michael O'Loughlin, *see* Exhibit F, 17 interrogatories on Richard Penney, *see* Exhibit G, and 17 interrogatories on Kara Nyman. *See* Exhibit H.

[7] During the conference call between counsel, Town Defendants' counsel indicated that he would withdraw his Local Rule 26.1(c) objection as to Plaintiff's document requests if Plaintiff agreed to withdraw each set

Plaintiff now brings the instant Motion to serve interrogatories exactly as contemplated by the Federal Rules of Civil Procedure.

## <u>ARGUMENT</u>

**I.**     <u>**The Plaintiff should be granted leave to serve up to 25 interrogatories on each Town Defendant.**</u>

     **a.**    <u>**Local Rule 26.1(c) is preempted and unenforceable.**</u>

In *St. Paul Fire,* Magistrate Judge Collings held as follows:

> The question then arises whether a court may, by local rule, restrict the number of interrogatories which may be filed under the Federal Rules of Civil Procedure. Rule 26(b)(2), Fed.R.Civ.P., provides, in pertinent part, as follows:

> (2) By order, the court may alter the limits in these rules on the number of . . . interrogatories . . . . By order or local rule, the court may also limit the number of requests [for admissions] under Rule 36.

> This provision seems to prohibit a court, by local rule, from altering the limitations on the number of interrogatories . . . found in the Federal Rules of Civil Procedure. The fact that the number of interrogatories . . . may be altered only by an "order" while the number of requests for admissions may be altered by either an "order" or "local rule" compels this conclusion.

> A court's local rules must be "consistent with-but not duplicative of" the Federal Rules of Civil Procedure. Rule 83(a)(1), Fed.R.Civ.P. **<u>Thus, it is my opinion that those parts of Local Rule 26.1(c) which limit the number of interrogatories to 25 for "each side" and the number of depositions to 10 for "each side" are unenforceable.</u>**

> It follows that the defendants do not need the court's permission to serve 25 interrogatories upon the plaintiff.

---

of document requests served on each Town Defendant and aggregate the requests into a single set of requests directed to all Town Defendants. While Town Defendants' position is the definition of "form over substance," and a testament to inefficiency, Plaintiff agreed to withdraw and aggregate his document requests to the Town Defendants to avoid unnecessary motion practice.

217 F.R.D. at 289 (emphasis added); *see also* Wright & Miller Fed. Prac. & Proc. Civ. §

2168.1 (3d ed.)("[T]he adoption of a national rule superseded any local rules, and *district*

*courts could not vary the national number by local rule*.")

For the reasons set forth in *St Paul Fire*, the Plaintiff should be permitted to serve

up to 25 interrogatories on each of the Town Defendant parties.

**b. <u>Even if Local Rule 26.1(c) is enforceable, the Court should grant the Plaintiff leave to serve up to 25 interrogatories on each of the Town Defendant parties.</u>**

Even if Local Rule 26.1(c) is enforceable, the Plaintiff should be granted leave to

serve up to 25 interrogatories on each Town Defendant.

Fed. R. Civ. P. 26(b)(2)(C)(i-ii) provides:

> On motion or on its own, the court must limit the frequency
> or extent of discovery otherwise allowed by these rules or by
> local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or
> duplicative, or can be obtained from some other source that
> is more convenient, less burdensome, or less expensive;
>
> (ii) the party seek discovery has had ample opportunity to
> obtain the information by discovery in the action.

Here, Plaintiff's interrogatories to the Town Defendants are not unreasonable

cumulative or duplicative, and the information cannot be obtained from any other source

at all. Indeed, Plaintiff's counsel took great care to draft the interrogatories such that they

concern some of the most relevant issues in this litigation and are the farthest thing from

boilerplate. *See* Exhibits C through H. As to the individual Town Defendants, Plaintiff

seeks answers to interrogatories that each individual can only answer for themselves. To

limit the Plaintiff to only four interrogatories to each Town Defendant would unduly

restrict the Plaintiff from developing his case.

Further, the commentary to Rule 26 sets forth additional policy concerns related to the scope of discovery:

> The elements of Rule 26(b)(1)(iii)[8] address the problem of discovery that is **disproportionate** to the individual lawsuit as measured **by such matters as its nature and complexity**, **the importance of the issues at stake** in a case seeking damages, the **limitations on a financially weak litigant** to withstand extensive opposition to a discovery program or to respond to discovery requests, and **the significance of the substantive issues**, as measured in philosophic, social, or institutional terms. . . . The court must apply the standards in an even-handed manner that will **prevent use of discovery to wage a war of attrition or as a device to coerce a party**, whether financially weak or affluent.

Fed. R. Civ. P. 26 (Comments to 1983 Amendments). "The discovery identified in these examples should still be permitted under the revised rule **when relevant and proportional to the needs of the case.**" Fed. R. Civ. P. 26 (Comments to 2015 Amendments).

Here, the discovery Plaintiff seeks is proportional to the case, its size, nature and complexity. *See* Fed. R. Civ. P. 26 (Comments to 1983 Amendments). As described above, this case involves a 37 count Complaint against various combinations of the eight Defendants, seven counterclaims against Mr. Chiocca, and Mr. Chiocca's two crossclaims for indemnification against the Town.

Moreover, despite sharing counsel, the allegations and claims brought against the various Town Defendants are not identical. Ryan, Mullen, and O'Loughlin have been on the Board since before the May 1st Incident occurred and were in office through the decision to suspend and investigate Chiocca. Dkt no. 1 at ¶¶ 1-9, 179, 214-34. Penney and Nyman did not join the Board until after the investigation was completed. *Id*. at ¶¶ 285-310. Mr. Chiocca alleges that Hall, Ryan and O'Loughlin each made disparaging,

---

[8] This section regarding proportionality has been moved to Rule 26(b)(2)(C)(iii). See Fed. R. Civ. P. 26 (Comments to 2015 Amendments).

libelous or slanderous statements, while others have not. *Id*. at ¶¶ 195-99, 277-82, 287-92. The case is factually and procedurally complex and requires the discovery sought by the Plaintiff to address these complexities.

Nor is this a small case.  Mr. Chiocca, who received a six-figure salary and significant benefits, seeks significant compensatory damages, including but not limited to back pay and benefits, front pay and benefits, lost raises, lost vacation time, lost retirement benefits, emotional distress damages, pain and suffering, reputational damages, as well as punitive damages, and an award of his reasonable attorneys' fees and the costs of this action.  *Id*. at 70-17. In addition, the rules recognize that other interests "may have importance far beyond the monetary amount involved." Fed. R. Civ. P. 26 (Comments to 1983 Amendments).  This is such a case; the parties involved are all public figures and the matter has received significant media attention.

Finally, this is not a case where a powerful and affluent party is seeking to wage a war of attrition against another party. Hall, Kimball and the Town Defendants are all represented by highly capable counsel (indeed, nine attorneys have entered appearances on behalf all Defendants in the aggregate) and the Town's insurance carrier is providing the cost of defense for the Town Defendants and Hall.  Requiring each Town Defendant to respond to the interrogatories is hardly burdensome, and to the extent that it is, it is overwhelming outweighed by the Plaintiff's entitlement to reasonably develop his case.

## **<u>CONCLUSION</u>**

For the reasons set forth herein, the Plaintiff's motion should be **<u>ALLOWED</u>**.

Respectfully Submitted,
Plaintiff,
Allan Chiocca,

By his attorney(s),

 /s/ Adam J. Shafran
Adam J. Shafran, Esq. (BBO 670460)
*ashafran@rflawyers.com*
Jonathon D. Friedmann, Esq. (BBO 180130)
*jfriedmann@rflawyers.com*
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
617–723–7700
617–227–0313 (fax)

## CERTIFICATE OF SERVICE

I, Adam J. Shafran, do hereby certify that this document filed through the ECF system shall be sent electronically to the registered participants as identified on the Notice of Electronic Filing on November 11, 2019

/s/ Adam J. Shafran
Adam J. Shafran