UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Allan Chiocca,**

    **Plaintiff**

    v.    Civ. A. No.: 1:19–cv–10482–WGY

**The Town of Rockland, Deirdre Hall,
Edward Kimball, Larry Ryan,
Michael Mullen Jr., Michael O'Loughlin,
Richard Penney, and Kara Nyman**

    **Defendants**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFF ALLAN CHIOCCA'S EMERGENCY MOTION FOR A LIMITED LIFT OF THE STAY IN THIS MATTER TO ALLOW PLAINTIFF TO SERVE A TIME SENSITIVE SUBPOENA

This is the Plaintiff Allan Chiocca's emergency motion for a limited lift of the stay in this matter to allow Plaintiff to serve a time sensitive subpoena. In support hereof the Plaintiff states as follows:

1. This is an employment dispute arising out of the Defendant Deirdre Hall's ("Hall" *quid pro quo* sexual harassment of the Plaintiff Allan Chiocca ("Chiocca"), and the Town of Rockland's ("the Town") subsequent investigation and conduct related thereto.

2. On February 12, 2020, Chiocca gave notice to all parties and served a subpoena to produce documents on Verizon Wireless, seeking "all documents evidencing incoming and outgoing phone calls and text messages associated with [Hall's cellular phone number] between January 1, 2018 and the present."[1]

---

[1] This subpoena did not seek production of the content of any conversations, but rather records showing only the phone numbers associated with each incoming and outgoing communication (phone call and text), and the date of such communication.

3. Chiocca sought this information for several reasons, but specifically because during the Town's independent investigation, the Town's investigator obtained text communication that occurred between Hall and Defendant Edward Kimball ("Kimball")[2] in which Hall instructed Kimball that they "should not be putting this in writing" (referring to their communications about how to handle the incident between Chiocca and Hall). *See* Complaint, Doc. No. 1 at ¶ 168.

4. Hall did not object to this subpoena.

5. On February 28, 2020, Hall filed an assented-to motion to stay the case until May 27, 2020 as a result of medical condition.

6. Chiocca assented to Hall's request because he did not anticipate suffering any prejudice as a result of a stay at the time.

7. On March 2, 2020, the Court allowed Hall's motion and stayed this matter until at least May 27, 2020.

8. On or about March 18, 2020, Chiocca's counsel received Verizon's response to the subpoena. *See* Verizon letter attached hereto as Exhibit A.[3]

9. In relevant part, Verizon's letter informed Chiocca's counsel that it was not in possession of the requested records for the timeframe of February 9, 2019 to February 12, 2020, that the service provider associated with Hall's phone number is likely T-Mobile, and that both text message and call reports are only available on a rolling one year basis.

10. Chiocca's counsel provided Hall's counsel with a copy of the Verizon letter, and requested that Hall assent to a limited lift of the stay for the sole purpose of allowing Chiocca to send an identical subpoena for documents to T-Mobile.

---

[2] Kimball was the Chairman of the Town's Board of Selectmen at this time. Hall was the Vice Chairman at the time.

[3] Hall's phone number has been redacted in this letter.

11. Hall's counsel refused to assent to Chiocca's limited request asserting that she is unable to discuss this matter with Hall at this time.

12. Chiocca would suffer prejudice if he is not permitted to serve this subpoena immediately as the records sought are only kept on a rolling one year basis; i.e. as every day goes by Chiocca will lose access to these records for good. Given that this matter is stayed until the end of May at the earliest, he will be permanently deprived of at least two months of records if he is not permitted to serve this subpoena now. Access to these records is critical to allow Chiocca to assess the veracity and accuracy of Hall's discovery responses (all of which remain outstanding despite Chiocca's service of his requests on Hall in October 2019).

13. Any assertion by Hall that she would be prejudiced in any way by service of this subpoena is disingenuous. The subpoena Chiocca intends to serve on T-Mobile is identical to the subpoena he served on Verizon to which Hall had no objection, and the subpoena does not seek the disclosure of the content of any conversations.

WHEREFORE, based on the foregoing, the Plaintiff respectfully requests that this motion is **ALLOWED**.

Respectfully Submitted,
Plaintiff,
Allan Chiocca,

By his attorney(s),

/s/ Adam J. Shafran
Adam J. Shafran, Esq. (BBO 670460)
*ashafran@rflawyers.com*
Jonathon D. Friedmann, Esq. (BBO 180130)
*jfriedmann@rflawyers.com*
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
617–723–7700
617–227–0313 (fax)

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

The undersigned counsel for the Plaintiff hereby certifies that on March 27, 2020 my co-counsel Samantha Halem conferred with Defendant Hall's counsel and attempted in good faith to resolve or narrow the issue presented in the Plaintiff's motion.

/s/ Adam J. Shafran
Adam J. Shafran

## CERTIFICATE OF SERVICE

I, Adam J. Shafran, do hereby certify that this document filed through the ECF system shall be sent electronically to the registered participants as identified on the Notice of Electronic Filing on March 30, 2020.

/s/ Adam J. Shafran
Adam J. Shafran