UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Allan Chiocca,<br><br>    Plaintiff<br><br>v.<br><br>The Town of Rockland, Deirdre Hall,<br>Edward Kimball, Larry Ryan,<br>Michael Mullen Jr., Michael O'Loughlin,<br>Richard Penney and Kara Nyman,<br><br>    Defendants | C.A. No. 1:19-cv-10482-WGY |

**PLAINTIFF'S OMNIBUS MOTION TO COMPEL
<u>DEFENDANTS TO RESPOND TO DISCOVERY</u>**

The individual defendants, Deidre Hall, Edward Kimball, Larry Ryan, Michael Mullen, Michael O'Loughlin, Richard Penney, and Kara Nyman each engaged in egregious conduct that has permanently injured the plaintiff, Allan Chiocca. Defendant Hall is alleged to have sexually harassed Mr. Chiocca, and thereafter to have worked alongside her paramour, Defendant Kimball, to thwart the Town of Rockland's investigation into the incident, going so far as to falsely accuse Mr. Chiocca of being a sexual predator. Defendants Ryan, Mullen, and O'Loughlin later spread similar lies about Mr. Chiocca and then agreed to terminate him notwithstanding their knowledge that the Town's investigation had cleared Mr. Chiocca of wrongdoing. They, together with Defendants Penney and Nyman, then acted on their agreement and terminated Mr. Chiocca's relationship with the Town hours after he filed a complaint with the Massachusetts Commission Against Discrimination.

To prepare his case, Mr. Chiocca served discovery requests upon each defendant.[1] Those requests, insofar as they are relevant to this motion to compel ("Motion"), include:

1. Request Nos. 7, 8, & 16 of Mr. Chiocca's First Set of Requests for the Production of Documents (as to Defendant Hall);

2. Request Nos. 14-19 & 31 of Mr. Chiocca's First Set of Requests for the Production of Documents (as to Defendant Kimball);

3. Request Nos. 1-16 of Mr. Chiocca's Second Set of Requests for the Production of Documents (as to all Individual Defendants);[2]

4. Request Nos. 17-19 of Mr. Chiocca's Second Set of Requests for the Production of Documents (as to Defendant Hall);

5. Interrogatory Nos. 10, 12, & 13 of Mr. Chiocca's First Set of Interrogatories to Defendant Kimball; and

6. Interrogatory Nos. 13 & 16 of Mr. Chiocca's First Set of Interrogatories to Defendant Hall;

Mr. Chiocca contends that documents responsive to those requests—communications by or between co-defendants, journal entries about key facts, financial information, and other information that goes to the heart of this case—should be produced.[3] The Individual Defendants disagree and refuse to do so. Notwithstanding the exchange of many e-mails, letters, and formal Rule 7.1 conferences, the Parties are at an impasse.

Accordingly, Mr. Chiocca moves this Court pursuant to Federal Rule of Civil Procedure 37(a) to compel Defendants Hall, Kimball, Ryan, Mullen, O'Loughlin, Penney, and Nyman to

---

[1] Mr. Chiocca attaches to his Memorandum in Support of this Motion his requests and the relevant defendant's responses.

[2] Throughout this Motion and his supporting submissions, Mr. Chiocca refers the Court to Request Nos. 1-16, which appear in the Second Requests to Defendants Hall and Kimball, for ease of reference. While Mr. Chiocca's Second Requests as to Defendants Ryan, Mullen, O'Loughlin, Penney, and Nyman are identical to those directed to Defendants Hall and Kimball, the numbering is as follows: Defendant Ryan (Request Nos. 35-50); Defendant Mullen (Request Nos. 52-67); Defendant O'Loughlin (Request Nos. 69-84); Defendant Penney (Request Nos. 86-101); & Defendant Nyman (103-118).

[3] Mr. Chiocca submits herewith a Proposed Order Granting Plaintiff's Motion to Compel that sets forth the particular documents and other information that he seeks by way of this Motion.

produce documents responsive to the above mentioned requests.  As a basis for his Motion, Mr. Chiocca relies on his Memorandum in Support of his Motion to Compel, filed herewith, along with the declarations of Adam Shafran and Eric Walz, and exhibits attached thereto.

Further delays in their productions will severely prejudice Mr. Chiocca's case, and so he asks this Court to order them to produce the documents requested herein, and to otherwise cure their defective discovery responses, within fourteen (14) days of an order allowing this Motion.

<div style="margin-left:3em">

Respectfully submitted,
Allan Chiocca

By his attorney,

*/s/ Adam J. Shafran*_____
Adam J. Shafran, BBO#670460
Eric J. Walz, BBO#687720
*ashafran@rflawyers.com*
*ewalz@rflawyers.com*
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
617-723-7700
617-227-0313 (fax)

*/s/ Samantha C. Halem*_____
Samantha C. Halem BBO#649624
Kelly A. Hoffman BBO#673409
*shalem@marshallhalem.com*
*khoffman@marshallhalem.com*
Marshall Halem LLC
27 Mica Lane, Suite 102
Wellesley, MA  02481
Phone:  (781) 235-4855

</div>

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I, Eric J. Walz, hereby certify that I have knowledge of or participated in meet and confer efforts with counsel to all defendants regarding the subject matter of this motion to compel. These efforts included:

- As to Defendant Hall, letters to counsel dated December 1, 2020; February 18, 2021; April 20, 2021; multiple e-mails to counsel throughout the same period; and a telephone conference with Cindy Cieslak and Ellen Zucker on May 14, 2021.

- As to Defendant Kimball, letters to counsel dated January 28, 2021; March 19, 2021; and April 9, 2021; multiple e-mails to counsel throughout the same period; and a telephone conference with Tara Dunn on June 11, 2021.

- As to Defendants Ryan, Mullen, O'Loughlin, Penney, and Nyman, a letter dated April 19, 2021; e-mails to counsel throughout the same period; and a telephone conference with Jason Crotty on May 12, 2021.

July 1, 2021

*/s/ Eric J. Walz*
Eric J. Walz

## **CERTIFICATE OF SERVICE**

I, Eric J. Walz, do hereby certify that this document filed through the ECF system shall be sent electronically to the registered participants as identified on the Notice of Electronic Filing on July 1, 2021.

*/s/ Eric J. Walz*
Eric J. Walz