## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Allan Chiocca,** )<br><br> )<br>**Plaintiff** )<br><br> )<br>**v.** )<br><br> )<br>**The Town of Rockland, Deirdre** )<br>**Hall, Edward Kimball, Larry Ryan,** )<br><br> )<br>**Michael Mullen Jr., Michael O'Loughlin,** )<br>**Richard Penney and Kara Nyman,** )<br><br> )<br>**Defendants** )<br> ) | **C.A. No. 1:19-cv-10482-WGY** |

## ADAM SHAFRAN, ESQUIRE'S, MOTION FOR LEAVE TO REPLY TO OPPOSITION TO MOTION TO QUASH DEFENDANT DEIDRE HALL'S DEPOSITION SUBPOENA AND FOR A PROTECTIVE ORDER

Pursuant to Local Rule 7.1(b)(3), Adam Shafran, Esquire, respectfully moves for leave to submit this short reply to the Opposition to his Motion to Quash and for a Protective Order.

Defendants' opposition only demonstrates that Attorney Shafran's deposition is unnecessary. *Bank of Am., N.A. v. Barnes Hill, LLC*, No. CV 16-11583-DJC, 2018 WL 10247150, at *1 (D. Mass. July 26, 2018) (applying three-prong test set forth in *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986); party seeking deposition of opposing party's counsel must show that <u>no other means exist to obtain the information</u> other than to depose opposing counsel and that <u>the information is crucial to the preparation of the case</u>).

Defendants concede in their opposition that "Attorney Clifford has testified at a deposition about his oral communications with explicit warnings to Attorney Shafran". Defendants' Opposition at p. 3. Thus, Defendants not only <u>had other means</u> to obtain information about

Attorney Shafran's communications with Attorney Clifford but <u>have already obtained the information</u>.

Moreover, Attorney Shafran exchanged a series of e-mails with Attorney Clifford and Hall and Kimball's counsel in which Attorney Shafran recounted in detail his memory of the two conversations he had with Attorney Clifford, which e-mails have been in Hall's and Kimball's possession since July 12, 2018, and which were produced again in discovery. Attorney Shafran has no memory of the conversations beyond the detailed, written, contemporaneous statements made in these e-mails. Attorney Shafran is further willing to stipulate to his memory of the conversations consistent with the statements he made in these e-mails. Thus, Attorney Shafran's deposition is <u>not crucial</u> to the preparation of this case.

Defendants' only other reason for deposing Attorney Shafran as set forth in their Opposition is to inquire about his oral and written communications with the media concerning the release of the Ryan Report. Defendants' Opposition at p. 4. Attorney Shafran has confirmed in writing and is willing to stipulate that he had no substantive, oral communications with the media either before or after the release of the Ryan report and that all of his written communications with the media have been produced. Thus, Defendants not only <u>had other means</u> to obtain information about Attorney Shafran's communications with the media but <u>have already obtained the information</u>. Attorney Shafran's deposition is therefore <u>not crucial</u> to the preparation of the case.[1]

There is no legitimate basis for taking Attorney Shafran's deposition. It is plainly disproportionate to the needs of this case and a transparent effort to harass and unnecessarily burden Attorney Shafran. Therefore, pursuant to FRCP 45(d)(3) and 26(c), Attorney Shafran

---

[1] Despite their ability to do so, Defendants have failed to pursue any discovery of the reporters with whom Attorney Shafran corresponded in writing, yet <u>another means</u> through which Defendants could explore the nature and extent of Attorney Shafran's communications.

requests that this Court quash Defendant Deidre Hall's deposition subpoena to him and issue a protective order.

Respectfully submitted,
Adam J. Shafran, Esq.
By his attorneys,

/s/ Alan E. Brown

_____

Alan E. Brown (BBO #665203)
ABrown@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston MA 02210
(617) 439-750

## LOCAL RULE 7.1 CERTIFICATE OF CONFERRAL

The undersigned has complied with Local Rule 7.1 as follows:

1. On Monday, October 11, 2021, at 2 p.m. the undersigned informed opposing counsel of his intention to bring this motion for leave and invited counsel to schedule a time discuss this matter further by phone on or before October 12, 2021, at 8:30 a.m.  There was no response.

/s/ Alan E. Brown

_____

Alan E. Brown

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on October 12, 2021.

/s/ Alan E. Brown

_____

Alan E. Brown