UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLAN CHIOCCA,<br>    Plaintiff,<br><br>VS.<br><br>TOWN OF ROCKLAND, DEIRDRE HALL, EDWARD KIMBALL, LARRY RYAN, MICHAEL MULLEN, JR., MICHAEL O'LOUGHLILN, RICHARD PENNY and KARA NYMAN,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)  C.A. NO. 1:19-cv-10482-WGY<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT EDWARD KIMBALL'S MEMORANDUM
IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

Defendant Edward Kimball has moved for summary judgment on every count of the Complaint which implicates him, specifically Counts 2, 3, 4, 7 9, 11,13,15,19, 21, 23, 34, 36, and 37. There is no genuine dispute as to any fact which is material to the disposition of any claim against him. On the undisputed facts, he is entitled to summary judgment on all Counts in which he is included.

Mr. Kimball is a former member of the Town of Rockland Board of Selectmen ("BOS"), and a former Chairman. In all of the Counts against him, except Counts 21 and 34, he is joined with defendants Town of Rockland, and Larry Ryan, Michael Mullen, Jr., Michael O'Loughlin, Richard Penney and Kara Nyman who are also present or former members of the Rockland Board of Selectmen (the "Rockland Defendants"). He joins and relies upon the Rockland Defendants' Statement of Material Fact. In addition, he has submitted his own Supplemental Statement of Undisputed Facts ("SSOF") which are of particular relevance to certain claims against him. *See* Edward Kimball's Supplemental Statement of Undisputed Material Facts.

1

Also, where indicated below, he joins and relies upon the arguments set forth in the Rockland Defendant's Memorandum of Law in Support of Partial Motion for Summary Judgment.

>   **A. The Court Should Grant Summary Judgment on Plaintiff's Chapter 151B and Title VII Claims (Counts 2-5).**

Defendant joins the arguments set forth in the Rockland Defendants' Memorandum, pp. 3—6.

>   **B. The Court Should Grant Summary Judgment on Plaintiff's Claims for Violation of Equal Protection and Due Process under 42 U.S.C. §1983) (Counts 7-20).**
>
>   >   **1. There Has Been No Violation of Equal Protection (Counts 7-8).**

Defendant joins the arguments set forth in the Rockland Defendants' Memorandum, pp. 7-8.

>   >   **2. There Has Been No Violation of Procedural Due Process (Counts 13-19).**

Defendant joins the arguments set forth in the Rockland Defendants' Memorandum, pp. 8-14.

>   >   **3. There Has Been No Violation of Substantive Due Process (Counts 9-12 & 20).**

Defendant joins the arguments set forth in the Rockland Defendants' Memorandum, pp. 14-16.

>   **C. The Court Should Grant Summary Judgment on Plaintiff's Claims for Conspiracy and Failure to Prevent Conspiracy, and for Intentional Infliction of Emotional Distress (Counts 21, 23, 34).**

In Count 21, plaintiff claims that defendant conspired with Mrs. Hall to deprive him of Equal Protection, in violation of 42 U.S.C. §1985.  This claim is baseless, for two reasons.  In the first place, there is no evidence of a conspiracy between the two defendants.  Mr. Kimball acted swiftly to respond and report what he interpreted to be a call for help from a colleague who may have been sexually harassed or assaulted. [SSOF at ¶¶8-10]. As Chairman of the BOS, he did

what he truly thought to be the right thing to do for the alleged victim and for the Town of Rockland employees and volunteers, and his actions were in fact, consistent with the 2018 Town of Rockland Employee, Sexual Harassment Policies. [SSOF at ¶¶9-10].  Once Mr. Kimball reported the incident to Town Counsel, Town Counsel and the Board collectively took subsequent actions to respond to the allegations, to include hiring a third-party investigator, some of which Mr. Kimball was not even apart of. [SSOF at ¶¶5-7, 11-13, 15].  For example, Mr. Kimball abstained from the Board's vote to accept the third-party investigator's Report; he did not attend the Board of Selectman hearing concerning Mr. Chiocca's discipline; and he resigned before the Board's vote to decline Mr. Chiocca's contract extension. [SSOF at ¶¶11-15]. Perhaps the most compelling reason that this claim is baseless is that Plaintiff contends that Mr. Kimball was "played" i.e., deceived, by Ms. Hall. [SSOF at ¶8.]

Secondly, in order to prove a violation of this statute, a plaintiff must prove a "'class-based, invidiously discriminatory animus which [lay] behind the conspirators' action.'" *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993); *Aulson v. Blanchard*, 83 F.3d 1, 4 (1st Cir. 1996).  Here there is no such allegation, much less evidence, that there was any agreement or any intent based upon Mr. Chiocca's male gender, which would be the only class that could conceivably apply.  In Count 23, plaintiff apparently claims that he is liable for failing to prevent himself from conspiring with Hall.  Putting aside the odd nature of the claim, no one can be liable for failing to prevent a conspiracy that never existed.

In Count 34, plaintiff charges defendant Kimball with intentional infliction of emotional distress "based on . . . Mr. Kimball conspiring with Mrs. Hall to fabricate allegations of sexual assault/harassment against Mr. Chiocca."  Again, since there was no evidence of such a conspiracy, there is no basis for a tort based on it.

**D. The Court Should Grant Summary Judgment on Plaintiff's Claims for Intentional Interference with Contractual and Advantageous Relations (Counts 36-37).**

Defendant joins the arguments set forth in the Rockland Defendants' Memorandum, pp. 17-18.

Additionally, Mr. Kimball argues that the Court should enter judgment in his favor as to above claims relating to the Board's alleged breach of Mr. Chiocca's of employment contract, as Mr. Kimball was no longer on the Board when it voted to decline Mr. Chiocca's contract extension. [SOF at ¶¶ #65-78]; [SSOF at ¶15].

## CONCLUSION

Based on the foregoing, Mr. Kimball requests that the Court grants his motion for summary judgment.

Dated: November 15, 2021

Respectfully submitted,

EDWARD KIMBALL

By his attorneys,

/s/ Tara D. Dunn
Howard M. Cooper (BBO # 543842)
Tara D. Dunn (BBO #699329)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA  02110
T: 617-720-2626
hcooper@toddweld.com
tdunn@toddweld.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on November 15, 2021.

/s/ Tara D. Dunn
Tara D. Dunn