**<u>EXHIBIT EE</u>**

1

Volume I
Pages 1 to 218
Exhibits 1 to 10

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - -x
                                   :
ALLAN CHIOCCA,                     :
              Plaintiff,           :
                                   :
        vs.                        :   C.A. No.
                                   :   1:19-cv-10482-WGY
THE TOWN OF ROCKLAND, DEIRDRE      :
HALL, EDWARD KIMBALL, LARRY        :
RYAN, MICHAEL MULLEN, JR.,         :
MICHAEL O'LOUGHLIN, RICHARD        :
PENNEY and KARA NYMAN,             :
              Defendants.          :
- - - - - - - - - - - - - - - - - -x

        VIDEOCONFERENCE DEPOSITION OF THE TOWN OF
ROCKLAND, by and through its represenatative,
DOUGLAS A. LAPP, appearing remotely from Rockland,
Massachusetts, a witness called by the Plaintiff,
taken pursuant to Rule 30(b)(6) of the Federal Rules
of Civil Procedure, before Alexander K. Loos,
Registered Diplomate Reporter and Notary Public in
and for the Commonwealth of Massachusetts, appearing
remotely from Melrose, Massachusetts, on Tuesday,
October 26, 2021, commencing at 9:03 a.m.

203

1    paragraph that starts with "because"?

2        A.   Yes.

3        Q.   Could you do me a favor and just read that

4    first sentence, starting with "because."

5        A.   "Because the town takes allegations of

6             harassment seriously, we will respond

7             promptly to complaints of harassment."

8        Q.   Okay.  So are you familiar with this

9    requirement --

10       A.   Yes.

11       Q.   -- as the town administrator?

12            And you would agree that the previous town

13   administrator would be apprised of this requirement?

14       A.   Yes.

15       Q.   Okay.  So is it your understanding that

16   this policy requires a prompt reaction when

17   allegations of harassment are made?

18       A.   Yes.

19            MS. DUNN:  So if I could bring your

20   attention to -- I don't believe this is an exhibit.

21   So Alex, if I could share my screen, would that

22   work?

23            THE REPORTER:  You have that permission

24   right now.

204

1          MS. DUNN:  Okay.  Great.

2     Q.   Do you all see the -- okay, Mr. Lapp.

3          Do you see this --

4     A.   Yes.

5     Q.   -- responsibilities of sexual harassment --

6     A.   Yes, I do.

7     Q.   And you recognize this policy?

8     A.   Yes.

9     Q.   The responsibilities of the sexual

10   harassment officer?

11    A.   Yes.

12    Q.   And you've read through this previously,

13   before?

14    A.   Yes, I have.

15    Q.   Okay.  So if I could draw your attention

16   to -- actually, so are you aware if this policy was

17   in place in 2018?

18    A.   I assume it was.

19    Q.   Okay.  So if I could draw your attention to

20   letter g), do you see -- do you see that right

21   there?

22    A.   I see e).

23    Q.   Sorry.  One more down.

24         Okay.  I apologize.  That's actually

1    Page 19.

2              So do you see letter g) on here?

3        A.   Yes, I do.

4        Q.   And if you could do me a favor and read

5    that aloud?

6        A.   "All investigations must be conducted as

7              expeditiously as possible."

8        Q.   Okay.  So based on these policies and

9    principles set forth in the handbook, it's

10   reasonable for an individual who is approached with

11   a sexual harassment allegation to act immediately,

12   correct?

13             MR. SHAFRAN:  Objection.

14       A.   Yes.  Yes, I would agree.

15       Q.   So it was reasonable for Mr. Kimball to act

16   with a sense of urgency when allegations of sexual

17   assault or harassment were reported to him, correct?

18             MR. SHAFRAN:  Objection.

19             MR. AMOS:  You can answer.

20       A.   Yes, it was -- yes, it was appropriate.

21       Q.   And, in fact, it's consistent with town

22   policy to expeditiously ensure that allegations are

23   investigated, correct?

24       A.   Correct.

1      Q.   Especially if you are sitting in a position

2 of the chair of the board of selectmen, correct?

3           MR. SHAFRAN:   Objection.

4      A.   Correct.

5      Q.   Okay.  If the sexual harassment compliance

6 officer was a party involved in a sexual harassment

7 allegation, would it be reasonable for that

8 reporting individual to seek another person to

9 report the allegations to?

10     A.   Yes.

11     Q.   Okay.  And do you think that the town

12 counsel is an appropriate individual to reach out to

13 with sexual harassment allegations?

14     A.   Yes.

15     Q.   Okay.  Earlier in the deposition we

16 discussed that Mr. Chiocca as an employee, while he

17 was on administrative leave, was required to follow

18 employee policies.

19           Is that correct?

20     A.   That's correct.

21     Q.   Okay.  So I want to bring your attention to

22 letter o).  If you could bring your attention to

23 letter o), I'll give you a second to read that to

24 yourself.

217

1   COMMONWEALTH OF MASSACHUSETTS)

2   SUFFOLK, SS.                    )

3       I, Alexander K. Loos, RDR and Notary Public in

4   and for the Commonwealth of Massachusetts, do hereby

5   certify that there came before me on the 26th day of

6   October, 2021, at 9:03 a.m., the person hereinbefore

7   named, who was by me duly sworn to testify to the

8   truth and nothing but the truth of his knowledge

9   touching and concerning the matters in controversy

10  in this cause; that he was thereupon examined upon

11  his oath, and his examination reduced to typewriting

12  under my direction; and that the deposition is a

13  true record of the testimony given by the witness.

14  I further certify that I am neither attorney or

15  counsel for, nor related to or employed by, any

16  attorney or counsel employed by the parties hereto

17  or financially interested in the action.

18

19      Under Federal Rule 30:

20          _X_ Reading and Signing was requested

21          ___ Reading and Signing was waived

22          ___ Reading and Signing was not requested

23

24      In witness whereof, I have hereunto set my hand

218

and affixed my notarial seal this 1st day of

November, 2021.

Notary Public

Commission expires 5/5/28