UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLAN CHIOCCA, <br>     Plaintiff, | ) <br> ) <br> ) |
| VS. | ) C.A. NO. 1:19-cv-10482-WGY <br> ) |
| TOWN OF ROCKLAND, ET AL. <br>     Defendants | ) <br> ) |

## DEFENDANT, DEIRDRE HALL'S, PROPOSED CURATIVE JURY INSTRUCTION REGARDING REGINA RYAN'S REPORTS

Defendant Hall respectfully files this proposed curative instruction to be given to the jury in the event the Defendants and Counterclaim Plaintiffs' objections[1] to the admissibility of the Ryan Reports are overruled and when the Court instructs the jury at the conclusion of case. We have been authorized to state that the Town Defendants, Edward Kimball, and Counterclaim Plaintiff Hall join in this proposed instruction.

### Proposed Curative Instruction regarding Regina Ryan Report

I have allowed into evidence portions of Regina Ryan's investigative reports but I have done so for a very limited purpose and that is that the Town was on notice of Ms. Ryan's personal conclusion when she furnished her reports. But let me be very clear, Ms. Ryan's conclusions cannot and must not be considered by you to be the truth. Her reports were in no respect binding on the Town of Rockland which was free to agree or disagree with Ms. Ryan's conclusions.

I specifically instruct you that Ms. Ryan's findings and conclusions should be given no weight in this case as to who did what to whom because only you are the ultimate factfinders in this matter. Ms. Ryan's findings were made under circumstances which indicate a lack of trustworthiness. Fed. R. Evid. 803(8)(B). The witnesses she interviewed were not sworn to testify

---

[1] ¹ A motion *in limine* to preclude the Ryan Report and corresponding testimony and documents was filed on November 3, 2022. (Doc. 390).

under oath. Their statements were not subject to cross-examination. Ms. Ryan did not interview some of the witnesses you will hear from in this trial. Ms. Ryan did not have all of the evidence before her to consider, which you will have before you in this trial. You may of course consider the statements made to Ms. Ryan by the parties and whether they were truthful and complete. But it is your role as the jury to decide the ultimate issue in this matter. You will not have a copy of the reports with you in the jury deliberation room.

WHEREFORE, Defendant Hall respectfully requests the Court issue the foregoing curative instruction to the jury if the Defendants and Counterclaim Plaintiffs' objections to the admissibility of the Ryan Reports are overruled and when the Court instructs the jury at the conclusion of case.

DEFENDANT,
DEIRDRE HALL

By  */s/ Cindy M. Cieslak*
    Cindy M. Cieslak (BBO # 685498)
    Michael J. Rose (admitted pro hac vice)
    Robin B. Kallor (admitted pro hac vice)
    Rose Kallor, LLP
    750 Main Street, Suite 309
    Hartford, CT 06103
    (860) 361-7999
    (860) 270-0710 (fax)
    ccieslak@rosekallor.com
    mrose@rosekallor.com
    rkallor@rosekallor.com

**CERTIFICATION**

This is to certify that on this 4th day of November 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Adam J. Shafran, Esq.
Jonathon D. Friedmann, Esq.
Eric J. Walz, Esq.
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109

Samantha C. Halem, Esq.
Sarah E. Ruter, Esq.
Elizabeth Monnin-Browden, Esq.
Hirsch Roberts Weinstein LLP
24 Federal Street
Boston, MA  02110

Jason W. Crotty, Esq.
Justin L. Amos, Esq.
Pierce, Davis & Perritano, LLP
10 Post Office Square
Suite 1100N
Boston, MA 02109

Ellen J. Zucker., Esq.
Neerja Sharma, Esq.
Burns & Levinson LLP
125 High Street
Boston, MA 02110

Howard Cooper, Esq.
Tara Dunn, Esq.
Todd & Weld LLP
One Federal Street
Boston, MA 02110

                */s/ Cindy M. Cieslak*
                  Cindy M. Cieslak